# Muhlenberg *v.* Mutual Fire Insurance Company of Sinking Springs, Appellant.

*Insurance—Fire insurance—Charter of company—Act of May* 11, 1881, *P. L.* 20.

Where a fire insurance policy declares the charter of the company issuing the policy to be a part of the contract, the charter must, under the Act of May 11, 1881, P. L. 20, be attached to the policy, and if the charter is not attached to the policy, any defense based upon the charter must fail.

ELKIN, J., dissents.

Argued March 1, 1905.    Appeal, No. 34, Jan. T., 1905, by defendant, from order of C. P. Berks Co., April, T., 1903, No., 85, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Henry A. Muhlenberg and Kate S. Muhlenberg v. The Mutual Fire Insurance Company of Sinking Springs, Berks County.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.    Affirmed.

Assumpsit on a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was in effect that the plaintiff prior to the fire had neglected to pay an assessment legally made. The only authority for making the assessment and declaring a forfeiture for nonpayment was contained in the charter of the company, which was not attached to the policy.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Cyrus G. Derr*, for appellant, cited: State v. Overton, 24 N. J. L. 435; Supreme Lodge, K. of P. v. Knight, 20 N. E. Repr. 479.

*Frederick W. Nicolls*, for appellees, cited: Lenox v. Ins. Co., 165 Pa. 575; New Era Life Assn. v. Musser, 120 Pa. 384; Zimmer v. Accident Ins. Co., 207 Pa. 472; Haverstick v. Penn Twp. Mut. Fire Assn., 156 Pa. 333; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 402; Susquehanna Mut. Fire Ins. Co. v. Oberholtzer, 172 Pa. 223; Shoemaker v. Whitehall Mut. Fire Assn., 23 Pa. C. C. Rep. 174; Fahey v. Empire Life Ins. Co., 5 Lacka. Legal News, 377.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1905:

The opinion of the learned president of the court below amply vindicates his conclusions on both questions raised by this appeal. In speaking of the act of 1881, he correctly says: " The intention of the law is to have attached to the policy copies of such papers, writings and instruments as will correctly enable the policy holder to understand the entire contract with its rights, duties and obligations." This is in accord with the views of this court on the purpose of the statute as expressed by the present chief justice in the opinion in Lenox v. Insurance Co., 165 Pa. 575, wherein he says: " It is well known that the evil aimed at in this legislation was the custom of insurance companies to put in their blank forms of application long and intricate questions or statements to be answered or made by the applicant, printed usually in very

small type, and the relevancy or materiality not always apparent to the inexperienced, and therefore liable to become traps to catch even the innocent unwary. The general intent was to keep these statements before the eyes of the insured, so that he might know his contract, and if it contained errors, have them rectified before it became too late."

The acts of assembly creating the defendant corporation, its charter, provide the manner in which an assessment shall be made on a shareholder's insurance and the minimum of the amount of the assessment, to whom and when the assessment shall be paid, the penalty for a default, and when a member " may, by the managers for the time being, be excluded and debarred from any benefit or advantage from his, her, or their insurances respectively and all right to the stock of this company ; and shall, notwithstanding, be liable to said rates, pursuant to his, her, or their covenants and agreements." The policy declares that the plaintiffs have become members of the company pursuant to its charter and by-laws and that the insurance is made " on the terms, conditions and provisions in the charter and by-laws contained." The policy, therefore, not only contains a distinct reference to the charter, but makes it, in the language of the act of 1881, " a part of the policy or contract between the parties thereto." It is obvious that the provisions of the charter of this company are a material part of its contracts of insurance, regulating, as they do, the levying of assessments and the forfeiture of the policy and thereby providing the only method of canceling a policy. It is, therefore, clearly within the spirit of the act of 1881, and the legislative intent in the enactment of that statute, that a copy of such a charter of an insurance company, created by special act of assembly, should be attached to the policy issued to its shareholders. In no other way, as observed in Lenox v. Insurance Co., supra, can these statements of his duties and obligations be kept " before the eyes of the insured so that he might know his contract, and if it contained errors, have them rectified before it became too late."

The defendant company having failed to attach a copy of the charter to the policy as required by the act of 1881, the charter itself was no part of the contract of insurance and could not be received in evidence in support of a defense to

this action. The only authority to make an assessment and to declare a forfeiture for nonpayment of it is contained in the charter and that instrument not being available to the defendant company by reason of a copy not having been attached to the policy, the defense interposed to this claim must necessarily fail.

The trial court was clearly right in holding that the alleged unwritten custom as to the manner of notifying the insured of an assessment and of declaring the policy canceled could not supersede or take the place of the method provided in the charter. As pointed out above, the policy declares the charter to be a part of the contract, and hence its provisions must be observed in order to give validity to an assessment or to warrant the canceling of the policy.

The assignments of error are overruled and the judgment is affirmed.

ELKIN, J., dissents.