## Anthony *v.* Grier, Appellant.

*Insurance—Fire insurance—Application attached to policy—Act of May 11, 1881, P. L. 20—Reduction of premium.*

1. A mere reference to a by-law, indorsed upon the back of the policy of insurance without the by-law itself being annexed, is not a compliance with the Act of May 11, 1881, P. L. 20, which provides that unless the by-law is attached or accompanies the policy no such by-law shall be received in evidence nor be considered a part of the policy or contract between the parties.

2. A policy of fire insurance without any exact time limit specified, had indorsed upon it the following: "This policy shall be in immediate benefit for its full face value; this company reserving the right to deduct, in case of fire, the balance of what would be one annual premium unpaid at the time of said fire." *Held* (1) that the policy was intended to be in force for at least one year with the right of the company to deduct in case of loss any premium that is unpaid at the time; and (2) that such result was secured by a judgment for the amount of admitted loss, less the unpaid balance of the one year's premium.

Argued March 2, 1914. Appeal, No. 15, March T., 1914, by defendants from order of C. P. Luzerne Co., Feb. T., 1913, No. 530, making absolute rule for judg-

ment for want of a sufficient affidavit of defense in case of Thomas Anthony v. O. K. Grier et al., trading as Prudential Mutual Fire Insurance Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit upon a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

STRAUSS, J., filed the following opinion:

On April 5, 1913, we directed a judgment to be entered for want of a sufficient affidavit of defense, but upon application of defendant subsequently permitted the filing of a supplemental affidavit, which has also been excepted to. When about to dispose of these exceptions, we observed what had escaped attention before, viz., that the statement did not aver the value at the time of the fire of the articles destroyed and covered by insurance. Having called attention of the parties to the fact, the plaintiff was allowed on June 11, 1913, to file an amendment to the statement, and the defendants were directed to file a supplemental affidavit within one week. In that amended statement the value of the articles destroyed was fixed at $530.

On June 18, 1913, the affidavit to the amended statement was filed, averring that the defendants expected to prove at the trial that the value of the articles destroyed did not exceed $200.

Disposing of the rule for judgment for want of a sufficient affidavit of defense on the amended statement and the several affidavits of defense, we had come to the conclusion that the plaintiff is entitled to a judgment for $195, and to proceed with his suit as to the balance.

The first supplemental affidavit depends for its efficiency upon the construction that should be put upon art. 8 of the constitution and by-laws of the defend-

ant company, the policy itself containing a clause as follows:

"Policies in arrears more than one month are not entitled to any benefits until renewed, as provided in art. 8 of the Constitution and by-laws of this company, all of which are hereby made part of this contract, although not attached hereto."

This clause violates the act of May 11, 1881, sec. 1, which makes a mere reference to the by-laws of no value, because it enacts that unless the by-law is attached to and accompanies the policy, such by-law shall not be received in evidence in any controversy between the parties, nor shall such by-law be considered a part of the policy or contract between such parties. P. L. 20, Pur. Dig., Vol. 2, p. 1955, pl. 68: Mowry v. National Protective Society, 27 Pa. Superior Ct. 390; Muhlenberg v. Mutual Fire Ins. Co., 211 Pa. 432.

We are thus limited to an examination of the policy itself in ascertaining the sufficiency of the affidavit. The policy declares that the defendant, "in consideration of a monthly premium of fifty cents (50c.) paid on or before the first of each month, does insure the plaintiff for the ensuing month and for such time only as set forth on the reverse side of this policy." Going to the reverse side of the policy we find no clause that can be construed as fixing the term of insurance for any particular period, unless it be the following:

"This policy shall be an immediate benefit for its full face value; this company reserving the right to deduct, in case of fire, the balance of what would be one annual premium unpaid at the time of said fire."

The supplemental affidavit of defense alleges that:

"When the policy was written, the plaintiff paid $1.00 to apply on the premium. No other premiums were ever paid on the said policy. Under the terms of the policy the amount of premiums paid by the plaintiff would keep the policy alive for three months from the said date,

These three months would include the thirty days' grace allowed by art. 8 of the by-laws."

From this it is clear that the policy was construed by the defendant to be for a period longer than two months; in other words, longer than the time for which $1.00 would apparently secure insurance. A careful reading fails to make certain any other meaning than that it was a policy for at least one year. In stipulations it is unlike any policy that has ever come to our attention. It makes promises of paying "losses," "dividends" and "benefits," each of these words seeming to hold out some new inducement to proposed insurers. Special advantages are offered to the insured if he carry the policy for ten years or more, thus showing that it was the intention of the company to permit the policy to continue indefinitely. There being no exact time limit in it, the only control which the company seems to have for purpose of termination, is that reserved under the fifty-first line of the fine print; this permits the company to cancel the policy at any time on returning the unearned premium. A fair construction of the clause already cited leads to the conclusion that defendants are liable for the insurance but may deduct from it the unpaid portion of one year's premium, which in this case would be $5.00.

The affidavit filed on June 18, 1913, taking defense against the claim of the plaintiff in excess of $200, as the value of the goods destroyed, is therefore only a partial defense, and the plaintiff is therefore entitled to recover judgment for the amount not contested, to wit: $200, less, however, $5.00 referred to above as the unpaid portion of one year's premium.

*Error assigned* was the order of the court.

*James L. Lenahan,* with him *Joseph Moore,* for appellants.

*Edwin Shortz, Jr.,* with him *William S. McLean, Jr.,* for appellee.

OPINION BY ORLADY, J., July 15, 1914:

The plaintiff's original and amended statements were answered by three affidavits of defense, which were considered by the court as insufficient to prevent judgment for a part of the claim with leave to proceed for the balance alleged to be due on the industrial policy of insurance on which the suit was based. It is provided in the contract that "Policies in arrear more than one month are not entitled to any benefits until renewed, as provided in art. 8, of the constitution and by-laws of this company, all of which are hereby made part of this contract, although not attached hereto." In deciding the effect to be given to this provision we are controlled by the Act of May 11, 1881, P. L. 20, which distinctly declares, that a policy of insurance "Which contains any reference to the application of the insured, or the constitution, by-laws or other rules of the company, either as forming part of the policy or contract between the parties thereto, or having any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant, and the by-laws referred to, and unless so attached and accompanying the policy, no such application, constitution or by-laws shall be received in evidence, . . . . nor shall such application or by-laws be considered a part of the policy or contract between such parties."

The only pretense at compliance with this statutory requirement is found in paragraphs on the reverse side of the policy, as follows: "Grace Period. Policies in arrears more than one month are not entitled to any benefits until renewed as provided for in art. 8, of the Constitution and by-laws of this Company, all of which are made part of this contract, although not attached hereto." And "Benefits. This policy shall be in immediate benefit for its full face value; this company reserving the right to deduct, in case of fire, the balance of what would be one annual premium unpaid at the

time of said fire." The first clause concedes that the policy as issued lacks the very thing required by the statute, and is clearly a mere reference to an omitted by-law, which is not to be considered as a part of the policy: Mowry v. Protective Society, 27 Pa. Super. Ct. 390; Muhlenberg v. Mutual Fire Co., 211 Pa. 432, and a failure to attach or incorporate the by-laws on which the defendant relies is fatal to its defense as presented in the affidavits: Susquehanna Mut. Fire Insurance Co. v. Oberholzer, 172 Pa. 223.

The second paragraph reasonably implies that the policy was intended to be in force for at least one year with the right of the company to deduct in case of loss, any premium that was unpaid at that time, and this result was secured by the judgment for the amount of the admitted loss, less the unpaid balance of the one year's premium. The policy is framed in the hope that it will be continued in force for an indefinite term. Special inducements are offered to the insured if he will carry it for ten or more years and the only method of cancellation for the policy is by a direct notice to the company and a return of the unearned premium. In the supplemental affidavit it is substantially admitted that the payment of the $1.00 kept the policy alive for three months, and this was sufficient in time to permit a recovery.

We adopt the reasoning of the learned judge of the court below and affirm the judgment.