## Zeeman *v.* Saleburg, Appellant.

*Sale—Contract—Rescission—False representations.*

On an issue to determine the right of a seller of goods to rescind the sale, a judgment and verdict for the seller will be sustained where the evidence, although conflicting, tends to show that the purchaser knowingly and falsely stated to the seller that he owed $800 when in fact he owed $13,000, that the seller made the sale in reliance on the representation, and that he promptly rescinded it, as soon as he discovered the fraud.

Argued Jan. 13, 1904. Appeal, No. 25, Jan. T., 1902, by defendants, from judgment of C. P. Luzerne Co., Dec. T., 1898, No. 252, on verdict for plaintiff in case of Isaac D. Zeeman and Simon N. Zeeman, trading as Zeeman Brothers, v. David Salsburg, Trustee for himself and Martha S. Rosenthal, Charles E. Rosenthal and Max Rustein. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Sheriff's interpleader to determine the ownership of goods. Before LYNCH, J.

The court charged in part as follows:

[If you find the statement was made, as claimed by the plaintiffs, that Rosenthal & Son were insolvent, that they

knew it, and did not disclose it to Zeeman Brothers, and that they did not intend to pay for the goods when they were purchased, you would be justified in inferring these .goods were purchased by fraudulent representations.] [1]

Defendant presented this point:

That under all the evidence the verdict must be for the defendant. *Answer :* Refused. [2]

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*J. T. Lenahan,* with him *J. L. Lenahan, E. A. Lynch* and *David Rosenthal,* for appellants.

No appearance entered nor paper-book filed for appellee.

Opinion by Porter, J., July 28, 1904:

The only material fact concerning which there was any serious dispute under the evidence was whether Rosenthal & Son, when they purchased the property in question from the plaintiffs, had furnished a statement as to their then existing financial condition. One of the plaintiffs testified, and was fully corroborated, that Rosenthal & Son had submitted a statement in writing, on August 9, 1898, setting forth that they had stock on hand $10,000, book accounts $2,000, fixtures $200, cash $400, the assets thus aggregating $12,600; and that they owed $800. There was competent evidence, which if believed, would have warranted a finding that the sale was made upon the faith of this statement. The evidence overwhelmingly established that the purchasers of the goods were at that time indebted in an amount certainly exceeding $9,000, and probably aggregating $13,000. The representation, if it was made, was certainly material, and it was unquestionably false. The evidence as to whether the statement had been furnished was conflicting but the credibility of the witnesses was for the jury. If the evidence produced on behalf of the plaintiffs was worthy of credit, they had been induced to part with their goods upon the faith of a false representation as to a material fact intentionally made by Rosenthal, for the purpose of inducing plaintiffs to part with their goods, and the plaintiffs promptly on

discovering the truth rescinded the contract and reclaimed their property. We held in Soperstein v. Salsberg, 17 Pa. Superior Ct. 288, that such evidence of fraud presented a case which must be submitted to the jury.

When the learned judge of the court below used the language which is the subject of the first specification of error he was dealing with but one element of the case ; and what he there said must be considered in connection with the whole of his charge. The jury were told that if they found that Rosenthal had made the statement in question, when he knew he was insolvent, and did not intend to pay for the goods which he purchased, they would be justified in inferring that the goods were purchased by fraudulent representations. But the learned judge distinctly told the jury that, in order to find for the plaintiff, they must find that the fraudulent representations were made, that Rosenthal knew they were false, that Zeeman parted with his goods upon the faith of the fraudulent representations, and that Zeeman promptly rescinded the contract upon discovery of the fraud. The court went further and instructed the jury that their verdict must be in favor of the defendant in the issue unless Zeeman rescinded the contract before the execution was placed in the hands of the sheriff. These instructions were certainly as favorable as the defendant in this issue, under the evidence upon which the jury was to pass, had a right to expect.

The judgment is affirmed.