## Mowry v. National Protective Society, Appellant.

*Insurance—Life insurance—Fraud — Payment—Receipt — Misrepresentations of agent—Tender of money.*

Where a woman who is the beneficiary in a policy of life insurance on the life of her deceased husband, is induced by misrepresentations of the company's agent to accept the agent's statement of the terms of the policy which she does not have at hand, and to accept and receipt for the amount claimed by the agent to be due thereunder, the beneficiary may, after the discovery of the fraud, maintain an action against the company for the balance alleged to be due her; and in such action she is not bound to return or tender the money previously paid to her.

In such a case the acceptance of the money and the receipt therefor were not a compromise of a doubtful right binding upon the beneficiary.

*Insurance—Life insurance—Policy—Manual unattached to policy—Act of May* 11, 1881, *P. L.* 20.

A "manual" of an insurance society which contains by-laws or regulations bearing on the contract of insurance, is not admissible in evidence in an action on the policy, if it has not been attached to the policy as required by the Act of May 11, 1881, P. L. 20.

Argued Oct. 27, 1904. Appeal, No. 122, Oct. T., 1904, by defendant, from judgment of C. P. Bedford Co., Nov. T., 1903, No. 53, on verdict for plaintiff in case of Amanda Mowry v. National Protective Society. Before RICE, P. J.; BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit upon a policy of accident insurance. Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial, Mr. Pennell, counsel for plaintiff, offered the policy.

Mr. Abbott: I object to the policy being offered in evidence:

1. Because under the undisputed evidence in this case it does not appear that the plaintiff established such facts as would entitle her to sue upon the original contract.

2. Because this policy shows upon its face that the manual of the company is a part of the contract and the entire contract should be offered in evidence.

Mr. Abbott: I offer the manual in evidence in connection with the policy, if your honor sees fit to admit the policy at all. We do not ask that either one be admitted, but if the one is admitted we ask that both be admitted.

Mr. Pennell: We object to it as immaterial, because in the policy in suit the application, by-laws, constitution, manual and rules of the company are not evidence in this case because they are not attached to the policy nor are copies of them attached to the policy.

Mr. Abbott: We also desire that the manual should be admitted, not as a part of the contract, but upon the subject of fraud and part of the res gestæ.

After argument by Mr. Pennell for the plaintiff and Mr. Abbott for the defendant, the following ruling was made:

The Court: The objections to the policy are overruled and evidence admitted. As to the manual there is no evidence that this book, or any book like it, was there at the time. The objection is sustained as to the manual, and evidence rejected. Seal a bill for the defendant. [1]

The court charged in part as follows:

[It will be for you, gentlemen of the jury, to say whether this representative of the company did influence the plaintiff by false and fraudulent misrepresentations, or by any undue influence, and did succeed in obtaining this receipt and order. If he did by these misrepresentations, then we say to you that she can recover, and your verdict should be for the plaintiff for $440, with interest from October 13, 1903.] [2]

[There is no evidence that John A. Mowry changed his occupation, and, therefore, gentlemen of the jury, if you find from the evidence that the plaintiff, Amanda Mowry, under the terms of the policy under which this suit is brought, was entitled to the full amount of said policy, to wit: $550, on June 19, 1903, then we say to you that she would be entitled to a verdict of $440, with interest from October 13, 1903, provided you believe from the evidence that the agent, by false and fraudulent misrepresentations, succeeded in obtaining a release for a less amount.] [5]

[And if you find from it (all of the evidence), that this agent went there for the purpose of inducing this woman to take a less amount than she was entitled to, then we say to you, gentlemen of the jury, that she would be entitled to recover.] [5]

Plaintiff presented these points:

1. That under the undisputed evidence in this case the cause of the death of John A. Mowry, the insured, was within the terms of the policy upon which Amanda Mowry, the plaintiff, seeks to recover. *Answer:* Affirmed. [7]

2. It being admitted that John A. Mowry, the assured, was the holder of a policy in the defendant company, which was in continuous force without delinquency for no less than one year prior to June 1, 1903, the date of the death of the assured, under the terms of said policy, upon which this suit is brought, upon notice to the defendant company of the death of

John A. Mowry, Amanda Mowry, his widow, was entitled to demand and receive from the defendant company $550. *Answer :* This point is affirmed, if the jury believe that the defendant company, by its representative, induced the plaintiff by false and fraudulent misrepresentations, to accept a less amount. [8]

*a.* That if the jury find from the evidence that the claim of the plaintiff under the policy in suit was not doubtful in its nature, it was not a valid subject for compromise and their verdict must be for the plaintiff. *Answer :* This point is affirmed. [9]

*b.* That if the jury find from the evidence that on June 19, 1903, there was not an honest dispute between the parties as to the rights of the plaintiff under her policy, that there was no doubt in the nature and amount of her claim under the terms of the policy, the receipt given by her and the acceptance of $110 are not binding upon the plaintiff as an accord and satisfaction and she is entitled to recover the true amount of her claim, less a credit of $110 that day paid. *Answer :* This point is affirmed. [10]

Verdict and judgment for plaintiff for $454.08. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2, 4, 5, 7, 8, 9, 10) above instructions, quoting them.

*C. S. Abbott* of *Abbott & Abbott* and *J. H. Longenecker*, with them *Moses A. Points*, for appellant.—A jury should not be permitted to find fraud to impeach a settlement in writing on any fancied equity, or on vague, slight or uncertain evidence, although they might think it fairly and fully satisfied them : Cummins v. Hurlbutt, 92 Pa. 165 ; Murray v. N. Y., L. & W. R. R. Co., 103 Pa. 37 ; Ogden v. Traction Co., 202 Pa. 480.

The true test to support an accord and satisfaction is, not whether at the end of a trial the controversy is a doubtful one, but whether it was so considered by the parties when the compromise was made : O'Keson v. Barclay, 2 P. & W. 531.

The money was paid to plaintiff only on condition of its acceptance in full satisfaction of all liability of the defendant,

and she could only retain it on that condition: Lyle v. Shay et al., 165 Pa. 637; Christman v. Martin, 7 Pa. Superior Ct. 568; Bird's Appeal, 91 Pa. 68 at bottom of p. 70; Fowler v. Meadow Brook Water Co., 208 Pa. 473.

The plaintiff could not rescind and bring suit without first returning to the defendant the money paid in consideration of the settlement, even if the settlement was procured by fraud. In support of this position we submit the following extracts from some of the decided cases: Harkey v. Mechanics' & Traders' Ins. Co., 62 Arkansas, 274 (35 S. W. Repr. 230); McMichael v. Kilmer, 76 N. Y. 36; Potter v. Monmouth Mut. Fire Ins. Co., 63 Me. 440; Brown v. Hartford Fire Ins. Co., 117 Mass. 479; Pangborn v. Ins. Co., 67 Michigan, 683 (35 N. W. Repr. 814); Thompson v. Phoenix Ins. Co. of N. Y., 75 Me. 55; Aetna Ins. Co. v. Reed, 33 Ohio, 283; Home Ins. Co. v. Howard, 111 Indiana, 544 (13 N. E. Repr. 103); Home Ins. Co. v. McRichards, 121 Indiana, 121 (22 N. E. Repr. 875).

*E. M. Pennell*, for appellee.—The so-called manual of the society was but its by-laws to affect the contract between the parties: Zimmer v. Accident Ins. Co., 207 Pa. 472; Pickett v. Pacific Mut. Life Ins. Co., 144 Pa. 79.

A partial payment of an undisputed claim cannot be treated as an accord and satisfaction: Com. to use v. Cummins, 155 Pa. 30.

The question of fraud was properly submitted to the jury: Blair v. Supreme Council American Legion of Honor, 208 Pa. 262; Com. v. Julius, 173 Pa. 322.

OPINION BY HENDERSON, J., March 14, 1905:

As shown by the contract upon which this action is based, the defendant accepted John A. Mowry, the plaintiff's husband, as a member. The policy issued to the insured recites that his occupation is "bridge builder." The insured had been at work for several years as a bridge builder, and at the time of his death was employed in the erection of an iron bridge. When the treasurer of the defendant came to the plaintiff's home to settle the loss, he alleged that her husband was insured as a "wooden bridge builder," and that according to the company's classification of risks, she was only entitled to

$100, with ten per cent added, as allowed by paragraph 8 of the policy, because his death occurred while he was work-ing on an iron bridge. The plaintiff told him he was mistaken in regard to that, but as she did not have the policy in her possession at the time, she proposed to send for the policy of Mr. Bruck, one of her neighbors, who was insured in the same company at the same time with her husband, and who was engaged in the same occupation, for the purpose of ascertaining what the conditions of the policy were. When the Bruck policy was brought in by the plaintiff's little girl, the treasurer " took the policy and opened it up, and he says, 'right here it says wooden bridge builder, and you are only entitled to $110.' " He further stated that she would have to take that or nothing; that he was in a hurry to go, and if she would give him a piece of paper he would write out an order to get the policy, which was then in Connellsville. The plaintiff, relying upon the representation of the treasurer as to the form of the Bruck policy, concluded to accept the amount said by the treasurer to be due upon her husband's policy, and gave the receipt offered in evidence, and the order to the treasurer to get the policy. The plaintiff's statement as to the occurrence at the time the receipt was given is strongly corroborated by the testimony of her father and daughter, who were present.

The case presented is not one of the settlement of a disputed claim, or the compromise of a doubtful right. The allegation is that the agent of the company fraudulently misrepresented the terms of the contract, and that when the Bruck contract was produced, he fraudulently and deceitfully read that part of it material to the question which the parties were then considering. It is undisputed that Bruck's occupation was described in the policy from which the treasurer pretended to read, as " bridge builder," and the evidence is clear and uncontradicted that he read it as if it were " wooden bridge builder." The plaintiff had recently lost her husband, she was not in good health nor familiar with business, and the policy not being at hand, was induced by this misrepresentation to accept the agent's statement of the terms of the policy, and to receive the amount claimed by him to be due thereunder. Such is the story as disclosed by the plaintiff's evi-

dence. The question presented, therefore, was one of fact for the determination of the jury. It may be conceded, as shown by numerous authorities, that if a dispute arose as to the liability of the company under the contract, and a compromise were made of a doubtful right, such compromise would be binding upon both parties in the absence of fraud; but this question is not presented here. Any dispute which existed was as to the form of the contract, and this was disposed of by the appeal to the Bruck policy, in the reading of which to the plaintiff the company's agent perpetrated a fraud which resulted in her acceptance of a less amount than by the face of the policy was due. The defendant did not deny liability, but alleged that, according to the terms of the policy, that liability only amounted to $110, which amount was then paid. This payment was not as a consideration for a compromise, but was made in discharge of an admitted liability on the original obligation.

On the facts as presented, the plaintiff was not bound to return or tender the money paid before bringing her action. The company lost nothing by the payment, and was not put in a worse position thereby. It was made because the money belonged to the plaintiff. Upon what principle can it be contended that she is bound to repay to the company that which it admits belongs to her under the contract of insurance? The case is clearly within the principle of Blair v. Supreme Council, 208 Pa. 262. The offer of evidence contained in the first assignment was properly rejected; first, because it was evidence for the defense and not competent at the time it was offered; second, because the document offered was not shown to have been that in possession of the treasurer at the time the payment was made to the plaintiff; third, because it presumably contained by-laws or rules of the company or regulations bearing on the contract, and was, therefore, inadmissible, because a copy thereof was not attached to the policy, as required by the Act of May 11, 1881, P. L. 20. Argument would be superfluous to show that the "manual" of the society, which interpreted the policy and determined the amount due thereon constitutes "rules of the company . . . . bearing on said contract."

The several assignments to portions of the charge cannot be

sustained. The learned judge presented the case fairly and clearly under the evidence, and the charge, taken as a whole, is free from criticism.

The answers to the plaintiff's first and second points, set forth in the seventh and eighth assignments of error, are based upon the plaintiff's prima facie case, and are fully warranted by the evidence. Having offered the policy and made proof of the circumstances of death of the insured, and of the business in which he was engaged, the plaintiff exhibited a case entitling her to a verdict for the amount payable by the face of the policy, in the absence of any legal defense. As applied to the facts of the case, the answers of the court to plaintiff's points, as set forth in the ninth and tenth assignments of error, were not erroneous. The language of the points directed the attention of the jury to the evidence. They could not have been led to their consideration as abstract propositions. The jury was satisfied upon evidence, competent and sufficient for the purpose, that the plaintiff was misled and deceived by the representations of the defendant's agent with reference to the terms of the policy, and upon the record as presented the verdict should not be disturbed.

The judgment is affirmed.