# Campbell, Administratrix, v. Great Eastern Casualty Co., Appellant.

*Contracts—Insurance—Classification of insured—Injury in the course of classified duties—Case for jury.*

In an action to recover on a policy of insurance, for the amount due on the death of the insured, the case is for the jury to determine whether or not the deceased was engaged in duties which were protected in the contract of insurance.

Where one, who has described himself in his application for insurance as a superintendent engaged in supervising only, is found dead after going to a power house to repair a transformer, the case is for the jury to decide whether or not he was killed in the course of an employment, which was insurable under the policy and while discharging the duties of superintendent.

*Practice, C. P.—Pleadings—Defense not raised in affidavit.*

On the trial of an action on an insurance policy, the defense of proportionate liability, under the terms of the policy, will not be allowed where no such defense is raised in the affidavit of defense.

Argued December 3, 1919. Appeal, No. 201, Oct. T., 1919, by defendant, from judgment of C. P. Schuylkill County, May T., 1918, No. 124, on verdict for plaintiff in case of Lillian Campbell, Administratrix of the Estate of Charles F. Campbell, deceased, v. Great Eastern Casualty Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on a policy of insurance. Before BERGER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $807.25. Defendant appealed.

The court below filed the following opinion:

In this action brought by Lillian Campbell administratrix of the estate of Charles F. Campbell, against the Great Eastern Casualty Company, upon a policy insur-

ing her husband against accident, she recovered seven hundred and fifty dollars, the full amount of the policy, on account of the accidental death of the insured while he was at work for his employer, the Eastern Pennsylvania Light, Heat & Power Company, on December 1, 1917. The defendant has filed a motion for a new trial, and for judgment n. o. v. We will consider these motions in the order stated.

The first eleven paragraphs of the plaintiff's statement were not denied by the defendant, and made out a prima facie case upon which the plaintiff relied at the trial. To meet this, the defense sought to establish, (1) that the policy was void for a breach of warranty respecting the occupation of the insured at the time of its issue; (2) that the work in which the insured was engaged at the time of his death, was in an occupation which was not insurable by the company, and plaintiff therefore could not recover; (3) that the work in which the insured was engaged at the time of his death was more hazardous than the occupation given by him when he was insured, and the defendant was therefore but proportionately liable, or for one-fifth of the amount of the policy, as determined by the classification of the occupation in which he met his death.

The fifth and sixth paragraphs of the plaintiff's statement aver that the policy of insurance was in full force and effect at the time of the accidental death of the insured. In view of this admission, in our opinion, the court was fully justified in stating to the jury in its charge that the question whether the policy was void on the ground that the occupation of the insured had been misrepresented when he obtained it, did not arise. In fact, the defendant does not now urge this instruction as a reason for a new trial.

When the case attached for trial the plaintiff's statement was not in the files, so that a careful comparison between it and the affidavit of defense was not made by the trial judge, on account of the hurry of the trial, until

after the evidence had been closed. The defenses above
referred to were stated orally to the court by defendant's
counsel, as arising out of the pleadings, and his state-
ment was not challenged by counsel for the plaintiff, nor
were any of the objections made by plaintiff's counsel to
the admission of testimony, supported by specifically di-
recting attention to the only defense or defenses, set
forth in the affidavit of defense. Counsel for the plain-
tiff did object, however, to the admission of the classifi-
cation manual of the insurance company, adopted May
1, 1916, which was offered for the purpose of showing
that the insured was engaged at the time of his death in
an uninsurable occupation, and if not in such an occu-
pation, then in an occupation the hazard of which was so
great, compared with the one in which he was insured,
as to require the payment of but one-fifth of the face of
the policy, with its accumulations, on the ground that
the manual did not tend to prove anything at issue in the
case, and that it was not admissible for any purpose, be-
cause it was not in force when the policy of insurance
was issued: see pages 32, 33, 34, 35 and 36 of the testi-
mony.

When the points were presented and argued the court
called the attention of counsel for the defendant to the
fact, that, in its opinion, the question of proportionate
liability was not raised by the affidavit of defense, and
that the only question for submission to the jury, under
the pleadings, was whether the plaintiff was entitled to
the full amount of the policy, or was precluded from re-
covering anything, because the insured was engaged in
an uninsurable occupation when he was killed. No ap-
plication to amend the pleadings was made then or since,
and the jury was charged as above stated.

Counsel contends, in support of the motion for a new
trial, that the defendant was injured by the withdrawal
of the question of proportionate liability from the jury,
because in support of that defense evidence had been ad-
mitted, and also because the defense of proportionate

liability is claimed to be set forth in the affidavit of defense. It seems quite clear that if the trial judge discovered error in his ruling admitting evidence offered by the defendant, that he was not required to submit the irrelevant testimony to the jury. The affidavit of defense does not set forth the defense of proportionate liability. The averment of the defendant in his affidavit of defense, that in an effort to effect an amicable adjustment, it paid the plaintiff one hundred and fifty dollars, before suit was brought, and that the said sum was accepted by the plaintiff, does not, taken in connection with the other averments of the affidavit of defense in respect to the conditions of the policy, raise or even suggest the defense of proportionate liability.

In construing a rule of court in Westmoreland County in Whitehead v. School Dist., 145 Pa. 418, 428, which provided that when the plaintiff filed a specification of his claim under oath, the averments not denied by the affidavit of defense should be taken as admitted at the trial, CLARK, J., said: "Under the rules of practice referred to, they constitute, as it were, part of the pleadings, their object being to reduce the contest at the trial to the points actually in dispute: Bair v. Hubartt, 139 Pa. 96; and the court should take notice of these admissions as disclosed by the record, and confine the contest to the matters in issue. As we said in Neely v. Bair, 144 Pa. 250: 'The object of this and similar rules of court, obviously, is to dispense with the formal proof, on trial, of all such facts and circumstances, material to the plaintiff's case, as the defendant shall be required to deny under oath, which facts, if not so denied as required by the rule, shall, for the purposes of the trial, be taken as admitted. A proper system of practice under such rules, greatly facilitates and expedites the trial of causes, and often relieves the jury from consideration of a heterogeneous mass of testimony bearing upon facts which the defendant cannot deny, but which the plaintiff would otherwise be required to establish by formal proof. The

controversy is thus narrowed down to such items of claim and material matters of fact as are really disputed. In such cases, it is the province of the court to examine the respective affidavits, and thus ascertain what items of claim, and averments of fact in support thereof, are not denied by the defendant, and then confine the testimony to such items of claim and material averments of fact as are denied." See also Jacoby v. Insurance Co., 10 Pa. Superior Ct. 171, 178; Easton Power Co. v. Ry. Supply Co., 22 Pa. Superior Ct. 538, 543.

From this it appears to be clear that the court should not, on general principles, submit anything to the jury for its determination when it is not in issue, but "Practice Act, nineteen fifteen" plainly so provides in section 16, as follows: "Section 16. Neither party shall be permitted at the trial, to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be, except as provided in sections seven and thirteen."

The defense of proportionate liability, if in issue by the pleadings, rests entirely upon the classification manual of the defendant company, adopted May 1, 1916. The classification in the manual adopted May 1, 1916, relied upon by the defense, is that by which an "Electrician, transformer work" is placed in Class X, which pays, with full accumulations, one hundred and fifty dollars. Although the classification manual was offered generally by the defendant, attention was not directed to two other classifications which the jury would have been warranted in finding from the evidence, that the insured was engaged in when he met his death, and each of which paid more than one hundred and fifty dollars, with accumulations. The classifications referred to are "electrician, foreman, superintending only, outside, not climbing poles" and "electrician, outside work, not climbing poles."

The policy was issued July 8, 1910. The manuals in force then were adopted January 1, 1908, and October 1, 1909. The relevant provision in the contract of insurance is as follows: "15. I understand and agree, (1) that if I contract illness or am injured, fatally or otherwise, after having changed my occupation to one classified by the company as more hazardous than that herein stated, or if I am injured while doing any act or thing pertaining to any occupation so classified, the liability of the company shall be only for such proportion of the principal sum or other indemnity as the premium paid by me will purchase at the rates fixed by this company for such more hazardous occupation." This is clearly a reference to the classification manual of the company, and in no other way are any of the classifications contained in said manual referred to, and none of the said classifications are made a part of the application for the policy.

We are, therefore, of the opinion that the classification manuals of the defendant company, if relevant at all, are the manuals adopted January 1, 1908, or October 1, 1909: Morse v. Fraternal Acc. Assn. of America, 77 N. E. 491, 492. But the question of the relevancy of the classification manuals, must be decided against the contention of the defendant, and we hold that none of the said manuals were relevant for any purpose under the evidence in this case, even though the defense of proportionate liability had been set forth in the affidavit of defense, because none of the provisions of the said manuals were contained in the application for the insurance: Mowry v. National Protective Society, Appellant, 27 Pa. Superior Ct. 390, 396; Bayard, Adm., v. Continental Casualty Co., 60 P. L. J. 181, 182. This disposes of all the questions raised by the reasons assigned for a new trial, so that specific reference to each of said reasons is unnecessary.

The motion for judgment n. o. v. is based on the refusal of the court to affirm the point of the defendant

333, (1920).] Opinion of Court below—Opinion of the Court.

asking for the direction of a verdict in its favor. The contention of the defense in support of this motion is that the check or checks mailed by it to the plaintiff, without her authority, constitute payment, because she did not return the said checks, and that the said alleged payment is for the largest sum which the jury could have awarded the defendant under the evidence, notwithstanding the admission that the said checks were not presented by the plaintiff for payment, and that the defendant was notified of her refusal to accept them. These checks, unless paid upon presentation by the plaintiff, were not payment: Leas, Appellant, v. Hafer, 39 Pa. Superior Ct. 160, 162. There is no merit in the defendant's motion for judgment n. o. v.

For the reasons stated the motions for a new trial and the motion for judgment n. o. v. must be overruled, and the rules to show cause heretofore granted, discharged.

*Errors assigned* were the charge of the court, refusal of defendant's motions for a new trial and for judgment non obstante veredicto.

*Daniel W. Kaercher,* and with him *George H. Kaercher,* for appellant.—The defendant was entitled to have the jury pass upon the question of proportionate liability under the policy: Brillinger v. Northern Central Ry. Co., 229 Pa. 183; Finkelstein v. Spatt, 50 Pa. Superior Ct. 293; Brown v. Gilmore, 92 Pa. 40; 31 Cyc. 733; 31 Cyc. 735.

*J. O. Ulrich,* for appellee.

Opinion by Orlady, P. J., February 28, 1920:

Charles F. Campbell, the plaintiff's husband, was insured under an accident policy in the defendant company, "against the effects of bodily injuries, caused directly and independently of all other causes by ex-

ternal violent and accidental means," etc. In his application he stated his occupation to be "superintendent, supervising only," and the duties incident to this occupation were described as "superintendent, supervising only." He was classified under the rules of the company with a rating by which they agreed to pay for a loss of life, the sum of $500. On the trial it was shown he was a foreman of a light, heat and power company, and discharged the duties of a foreman in doing all kinds of electric work, except that he did not climb poles.

On the evening of December 1, 1917, he went alone to a lot, adjoining the power house, to repair a transformer. After an absence of an hour he was found dead, lying on the ground at the base of the transformer. No person was present at the time of his death. It is referred to by both parties as accidental, and it was clearly shown, that at the time he started to do the repair work, the transformer had been disconnected by the superintendent, and there were no marks on his person to indicate the cause of his death. It was conceded, that the burden was on the defendant to show that, at the time of his death he was engaged in an act that was not insurable under the policy. There was no evidence in the case showing how long the act which he started out to do would probably have required, to show how he fell to the ground, how long he was upon the ground before he was found, that he had completed his work and returned and subsequently come in contact with a wire, or whether he was placed in contact with a live wire when his work upon the uncharged transformer was completed, while in the act of coming away from his work. The trial judge, after a fair review of the testimony, said, "Can you find, under these circumstances, by the weight and fair preponderance of the evidence, that the deceased was engaged in an act that was not insurable at the time of his death? If you do, then your verdict must be in favor of the defendant." The converse proposition was presented, that if the jury found that his death was ac-

cidental, and occurred in an employment which was insurable, while discharging the duties of superintendent, supervising only, and that any manual labor in which he was engaged at the time of the accident was merely casual and incidental to his employment, and not so far out of its scope as to lead reasonable men to know that it was beyond the scope of the term superintendent, supervising only, then the plaintiff is entitled to recover.

The court held, that the question of proportionate liability did not arise, and we think rightly, for the reason that there was no proof at all of the cause of death, or the character of work in which he was then engaged. The case was very thoroughly tried by able counsel, and fairly and adequately submitted in a charge which presented the questions of fact in such a manner that the jury could not be in doubt as to the respective contentions of the parties. It was purely a question of fact for their solution. The opinion of the trial judge in discharging rules for a new trial and for judgment non obstante veredicto, is a complete answer to the assignments of error as urged.

The judgment is affirmed.