# Kavalkovich *v.* Order of Liberty, Appellant.

*Practice, C. P.—Plaintiff's statement—Amendment—Harmless error.*

In an action to recover amount due on a beneficial certificate, an allowance of an amendment to plaintiff's statement, changing the date in the certificate, which was really a matter for the jury, is immaterial, when the court subsequently gave binding instructions irrespective of the amendment. The court acts properly in taking a case from the jury and directing a verdict for the plaintiff if there is no evidence to sustain the finding of a single fact that would be a defense to the plaintiff's claim.

*Practice, C. P.—Defense not raised in affidavit.*

In the trial of an action on an insurance policy, the defense of partial liability under the terms of the policy will not be allowed, where no such defense is raised in the affidavit of defense.

Argued October 11, 1920. Appeal, No. 159, Oct. T., 1920, by defendant, from the judgment of the Municipal Court of Philadelphia, Sept. T., 1919, No. 574, on verdict for the plaintiff in the case of Mary Kavalkovich v. Order of Liberty. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on beneficial certificate. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $535 and judgment thereon. Defendant appealed.

*Error assigned* was in permitting amendment to plaintiff's statement and refusal of defendant's motion for a new trial.

*J. Gowen Roper,* for appellant.

*Grover C. Ladner,* of *Ladner & Ladner,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

This is a suit to recover five hundred dollars death benefits under a certificate issued by the defendant society which the decedent joined September 14, 1914. The defendant is a fraternal beneficial society (incorporated). Plaintiff's statement declared upon a certificate bearing date September 14, 1916. The court allowed this to be changed to September 14, 1914. Defendant claims that the court had no right to allow this amendment since the cause of action was thereby changed, and the time limited in the certificate of 1914 for the bringing of suit having passed at the time the amendment was allowed, the court should have refused the application. When the case came to trial the plaintiff sought to prove that the certificate under which the death benefits were due was the original certificate of September 14, 1914. Defendant on the other hand endeavored to show that the original certificate had been surrendered, and a new certificate had been issued in its place. This contention if material required a submission to the jury. It was a disputed fact and the court could not decide the matter. The situation, however, is relieved by the fact that the court in giving binding instructions in favor of the plaintiff took the certificate of September 14, 1916, for which the defendant contended and decided that under its provisions the defendant had no valid defense. The court was right in taking the case from the jury if there was no evidence to sustain the finding of a single fact that would be a defense to plaintiff's claim: Wilson v. Police Ben. Assn., 266 Pa. 317. Having taken the position it did, the court could have allowed the plaintiff to amend its statement by declaring as originally on the 1916 certificate. We could do it in this court, the case having been fully presented by both sides. If the court committed error in allowing the amendment, it became harmless when the court disregarded it.

It remains for us to inquire whether under the certificate of 1916, under the admitted facts of the case,

the defendant was liable. The only assignments of error are directed to the allowance of the amendment to which we have already alluded, the giving of binding instructions and the refusal to allow a new trial. We are therefore not concerned as to the refusal of the court to allow certain matters to be admitted into evidence as it is not covered by the assignments.

Taking the order of argument as presented by the appellant, it complains that the court in directing a verdict for five hundred dollars made a mistake as to the amount, because the application for the 1916 certificate has stamped across the face of it the word "substandard." There was no apparent justification in putting the decedent in a substandard class, at least none was shown by the defendant and the by-laws which are printed do not afford any reason for it. It would seem that the mere offer of the certificate with the stamp "substandard" across it, would not be sufficient to prove that the decedent had been so classified. Since the paper was in possession of the defendant it was its duty to explain why the stamp was put upon it.

The second point is that the learned trial judge entered judgment for the entire amount of the policy whilst under its terms it was only payable at the rate of twenty-five dollars per month. The entire policy is now payable, the full time for payment having elapsed, so the only effect in sustaining this point would be to reduce the amount of the judgment and put the parties to a new suit.

The point of partial liability is not raised in defendant's affidavit of defense. We dismiss the exception: Campbell, Admx., v. Great Eastern C. Co., 73 Pa. Superior Ct. 333.

The contract of the parties provided that, "Death benefits shall start sixty days from date of certificate and if the member named in this certificate is not under eighteen or over fifty-five years of age or has not been classed as a substandard risk, then the death benefits shall not

exceed one quarter of the face of the certificate and may be increased one quarter each six months that it is in full force and good standing, but no increase shall exceed the face of this certificate." The decedent died October 29, 1918. Defendant claims that under the proper construction of the certificate there never could be due an amount in excess of three hundred and seventy-five dollars. The defendant construes the six months' period not from the date of the certificate, but from sixty days after the date of the certificate. The clause is ambiguous and the court was right in giving it a construction most favorable to the plaintiff, and it held that the six months' period was to be calculated from the date of the certificate. If the defendant company had wished to express the other thought it could have done so in plain language.

The plaintiff was put in rather an awkward position in her endeavor to recover this insurance. The certificate in possession of the decedent was lost. The claim was met on the part of the defendant, first, by admission of liability to the extent of twenty-five dollars. This was changed later to one hundred and twenty-five dollars and then again to twenty-five dollars. The request for the first application was met by the answer that it had been destroyed. The application alleged to have been made by decedent for a change in the form of the certificate was in a shape which might justly be characterized as unsatisfactory. Under these circumstances we are not disposed to yield to the defendant any advantage which it is not strictly entitled to. The by-laws upon which it claims that its rights are based are not printed in the paper-book, the refusal of the court to admit them is not assigned for error, and we are not considering them.

There is an assignment directed to the refusal of the judge to grant a new trial. There is no clear abuse of discretion alleged or shown.

All the assignments of error are overruled and the judgment is affirmed.