## Lettieri, Appellant, *v.* Mamaroneck Sand and Gravel Company, Inc.

14

Submitted March 4, 1936.

Before Keller, P. J., Cunningham, Baldrige, Parker, James and Rhodes, JJ.

*Alton A. Vosburg* and *Alton F. Vosburg,* of *Vosburg & Vosburg,* for appellant.

*Leslie H. Simons,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

This is a sheriff's interpleader under the Act of June 22, 1931, P. L. 883 (12 PS §2358 et seq.). The personal property levied upon consisted of a road roller. At the time of levy it was in the possession of A. DiSandro & Son, Inc., which was renting the roller, and admittedly had no title thereto. The claimant, Joseph Lettieri, gave bond and received possession of the roller. With the claimant as plaintiff and the execution creditor as defendant, the issue was tried before LEACH, J., without a jury, who found for the defendant. The plaintiff appealed.

Section 10 of the Act of June 22, 1931, P. L. 883 (12 PS §2367), provides that the issue in a sheriff's interpleader proceeding shall consist of a statement of the source of the claimant's title and an inventory of the goods claimed attached thereto, which statement shall be signed and sworn to by him or by some one in his behalf, and an affidavit to be filed by the defendant or defendants in the issue, averring the grounds on which he questions the claimant's title.

In the case before us, the appellant, claimant below, filed his statement as required by the act. The statement set forth the source of appellant's title, and had attached thereto a copy of a bill of sale, duly executed by one F. Feraco, granting and conveying to the appellant the property in question.

The defendant filed its affidavit, and therein averred that the ground on which it questioned appellant's title was "that no delivery of the Buffalo roller alleged to be sold was ever made by F. Feraco to plaintiff prior to defendant's levy on November 21, 1933, and that, therefore, the alleged sale is not a valid transfer of title as regards the defendant ......"

At the trial it was agreed that the pleadings be considered in evidence for the purpose of showing the issue.

The issue was limited by the pleadings, and the appellant was not bound in his proofs to go beyond the issue thus raised. *Fleming et al. v. Adamson et al.,* 321 Pa. 28, 36, 182 A. 518, 522; *Bradford Gasoline Company v. Hanley Company,* 315 Pa. 441, 444, 173 A. 401, 402; *Hale v. Hale,* 32 Pa. Superior Ct. 37. No question was raised in the pleadings as to any want of title in the appellant's vendor, F. Feraco, and therefore no evidence should have been admitted to defeat the recovery, which the issues of fact did not require. *Adam Jacoby & Brother v. Westchester Fire Insurance Company of New York,* 10 Pa. Superior Ct. 171, 181; *Campbell, Adm'x, v. Great Eastern Casualty Co.,* 73 Pa. Superior Ct. 333; *Kavalkovich v. Order of Liberty,* 75 Pa. Superior Ct. 328.

The title which the appellant showed was in conformity with his statement and was evidenced by a written agreement, followed by physical possession of the roller. There was no evidence whatever to sustain defendant's contention that there was no delivery of the roller by Feraco to the appellant prior to defendant's levy, and that, therefore, there was no valid transfer of title to the appellant.

The record in a replevin proceeding between B. M. Weiss and Feraco, appellant's vendor, was inadmissible under the pleadings and the issue raised thereby; and this evidence, not being material to the determination of the issue as framed, was not competent for any purpose. See *Soperstein v. Salsberg,* 17 Pa. Superior Ct. 288, at page 291. There was no issue raised as to the title between Weiss and Feraco, and the inquiry as to what interest Weiss may have had at one time in the property in dispute was wholly irrelevant. He is not here complaining.

The material findings of fact made by the court below were erroneous, as they were based on incompetent evidence, to the admission of which objection was made

by the appellant. Findings of fact by either a court or a jury must be supported by competent evidence. *Meitner et al. v. Scarborough,* 321 Pa. 212, 184 A. 81. On the evidence admissible under the pleadings, judgment should have been entered for the plaintiff.

The judgment of the court below is reversed, and the record is remitted that judgment may be entered for the plaintiff in accordance with this opinion.