## Wilson v. Police Beneficiary Association, Appellant.

*Beneficial association—Life insurance—Reinsurance—Modification of contract—Knowledge and consent of insured—Rights of beneficiary—Assessments—Misstatement of age—Estoppel—Notice—Certificate—Application.*

1. The mere fact that a beneficial association, subsequent to the issue of a beneficiary's certificate, reinsured all its members under a group policy of life insurance, and thereafter made a monthly assessment of $3.50 in place of an assessment of fifty cents upon the death of each member, which had theretofore amounted to about $5 a month, does not preclude the beneficiary from recovering the amount specified in the certificate, which was an amount equal to fifty cents for each member in good standing, if it does not appear that the insured consented to the reinsurance, or that he was present at or had notice of any meeting where such consent was given, or that he ever accepted such reinsurance in place of his certificate or as a modification thereof.

2. In such a case the beneficiary was not precluded from recovering the full amount of benefits by the fact that the insured's age was misstated in the card accompanying the group insurance, which provided that the amount payable in case of misstatement of insured's age shall be the amount which the premium paid for the insurance would have purchased at the rate given for the correct age, if the insured's age was not referred to in the certificate or the application therefor; and his age was not material, as the

certificates made no distinction as to age, and it did not appear that the insured or his beneficiary ever saw the card or furnished any data placed thereon.

3. In such a case the payment of the assessments of $3.50 per month in place of the fifty-cent assessment upon the death of each member does not estop the beneficiary from claiming upon the original certificate, where it appears that the assessments were paid when they matured and that no fraud or bad faith was shown, or anything to support a finding that the insured consented to a modification of his contract.

*Practice, C. P.—Trial—Defense—Province of court and jury.*

A defendant's case should not be submitted to the jury, where there is no evidence to sustain the finding of a single fact that would be a defense to plaintiff's claim or any part thereof.

Argued January 9, 1920. Appeal, No. 75, Jan. T., 1920, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1918, No. 815, on verdict for the plaintiff in the case of Julia Wilson v. Police Beneficiary Association, a Corporation. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Assumpsit upon a beneficiary certificate. Before Audenried, P. J.

The court directed a verdict in favor of the plaintiff for the full amount of the claim. Verdict and judgment for $2,211.40. Defendant appealed.

*Errors assigned* were answers to points (1-4) and directing a verdict for plaintiff.

*Frederick A. Soberheimer,* for appellant, cited: Folsom v. Cook, 115 Pa. 539; Thayer v. Thompson, 220 Pa. 241.

*Evan B. Lewis,* for appellee, was not heard.

OPINION BY MR. JUSTICE WALLING, February 2, 1920:

This action is on a beneficiary certificate. The Police Beneficiary Association, defendant, is a corporation located at Philadelphia, which was chartered by the court in 1888. In 1893 William Wilson, a police officer, applied for and received a certificate of membership in the association, which provides, inter alia, for the payment by him of an assessment of fifty cents upon the death of each member, and that upon his death defendant would pay the plaintiff, his widow, as beneficiary an amount equal to fifty cents for each member then in good standing. Wilson paid every assessment and was in good standing when he died in 1918. At that time defendant's membership was 4,130, and plaintiff, having made proofs of loss, brought this suit for the amount stipulated in the certificate, for which the trial judge directed a verdict in her favor. This appeal by defendant is from judgment entered thereon.

The defense interposed is that in 1914 defendant reinsured all of its members under a group policy issued by the Ætna Life Insurance Company and in force when Wilson died. Also that the reinsurance was authorized by the members, and thereafter a monthly assessment of $3.50 was made in place of the fifty-cent assessment for each death, which had theretofore amounted to about $5 a month. The group policy provides that, "if the age of the insured has been misstated the amount payable hereunder upon such life shall be such an amount as the premium paid for such insurance would have purchased at the rate given herein for the correct age." As a part of the group policy, a card was given defendant for each member, containing certain data, including figures indicating his age, the amount for which he was reinsured, etc. Wilson's card indicated that he was born in 1873, and designated $2,000 as the sum for which he was reinsured. In fact he was born in 1863, and at the rate given, according to the clause above quoted and the premium charged defendant, the amount of his reinsurance

would be $1,338.58, which defendant claims is the limit of its liability to plaintiff.

The defense fails; for it is not shown that Wilson consented to the reinsurance, or that he was present at or had notice of any meeting where such consent was given, or that in any manner he ever accepted such reinsurance in place of his certificate or as a modification thereof. His age is not referred to in the certificate or in his application therefor; it was not material there, as the certificates issued by defendant, so far as shown, make no distinction as to age; and there is nothing tending to prove that either Wilson or his wife ever saw the card in question or furnished any data placed thereon.

The contention that, by his payment of the assessments of $3.50 per month in place of the fifty-cent assessment for each death, his beneficiary is estopped from claiming upon the original certificate, cannot be sustained. He paid the assessments as and when they matured and no fraud or bad faith is shown on his part, or anything to support a finding that he consented to a modification of his contract.

The suggestion that the case should have been submitted to the jury is not sound for the manifest reason that there was no evidence to sustain the finding of a single fact that would be a defense to plaintiff's claim or any part thereof.

It is not necessary to decide how, if at all, plaintiff's case would be affected had it been shown that her husband knew of and acquiesced in the reinsurance under the group policy. His only contract was with defendant and thereupon plaintiff properly bases her claim. The Ætna Life Insurance Company's sole obligation under the group policy is to defendant, and the latter's liability to plaintiff is not limited by what it has or may recover from the reinsurance upon Wilson's life.

The judgment is affirmed.