## Anthony Wayne Terrace Housing Association *v.* Bedio, Appellant.

Argued April 21, 1958. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

Before SOHN, J.

*Bernard J. Sweer,* for appellant.

*William C. Angel,* with him *Angel & Kerchner,* for appellee.

OPINION BY WRIGHT, J., June 11, 1958:

The Anthony Wayne Terrace Housing Association, a non-profit corporation, instituted an action in eject-

ment to recover possession of one of its dwelling units occupied by Helen Bedio. The case was eventually brought to trial and, following the submission of testimony on behalf of both parties, the jury was directed to return a verdict in favor of the plaintiff. Defendant's motions for judgment n.o.v. and for a new trial were subsequently overruled. Judgment was entered on the verdict, and a writ of habere facias possessionem was issued. This appeal followed, and we refused to grant a supersedeas.

The business affairs of the Association, of which appellant was a member, are conducted by a board of directors elected annually from the membership. The board of directors is empowered to terminate membership under Article V, Section 7 of the by-laws.[1] Pursuant to this provision, a formal written complaint was filed against appellant alleging certain violations of the rules and regulations of the Association. Carl M. Kirchner, a member of the bar, testified that he served a copy of this complaint upon appellant and her husband. No hearing was requested, and the board of di-

---

[1] "The Board of Directors or a member may at any time make a formal written complaint against a member of the corporation, if the Board or the member is of the opinion that such member has violated any of the provisions of these by-laws, or has been guilty of conduct detrimental to the Corporation, or for any reason is undesirable as a member. After service on such member of a copy of the complaint, and a hearing by the Board, upon the member's written request for such hearing, his or her membership in the corporation, lease or contract may be terminated by the affirmative vote of six (6) members of the Board of Directors. The member in question may appeal the decision of the Board by writing to the Secretary within thirty (30) days requesting a hearing at a membership meeting either regular or special. After a hearing by the members, a two-thirds vote of the membership present is necessary to override the decision of the Board. The decision of the membership will be final".

rectors thereafter terminated appellant's membership. It is conceded that appellant received notice of this action and did not appeal the decision. Her sole contention before us is that the case should have been submitted to the jury "for determination of a vital question of fact", namely, whether or not she was actually served with a copy of the formal written complaint.

The argument of appellant's present counsel (her fourth) is based upon the following testimony: "Q. Mrs. Bedio, I show you Plaintiff's Exhibit No. 3. Is that your membership certificate? A. That is my membership certificate. Q. And is that the only paper or evidence of your membership that you ever received— A. Yes sir. Q.—from the corporation? Were you a member of the corporation when they bought the property up there? A. Yes, sir". It is contended that this testimony contradicted the testimony of Attorney Kirchner relative to his service upon appellant of a copy of the complaint. However, we agree with Judge SOHN of the court below that the quoted testimony did not raise a question of fact for submission to the jury. It related solely to appellant's membership certificate, and did not constitute a denial of service of the complaint. If such had been the intention of appellant's trial counsel, he obviously would have asked that specific question. It is not without significance that, in his petition for leave to withdraw, appellant's trial counsel agreed that the Association's motion for binding instructions was properly granted.

A trial judge does not err in taking a case from the jury and directing a verdict for the plaintiff if there is no evidence to sustain the finding of a single fact which would be a defense to the plaintiffs' claim: *Kavalkovich v. Order of Liberty,* 75 Pa. Superior Ct. 382; *Wilson v. Police Beneficiary Association,* 266 Pa. 317, 109 A. 596. If the facts are admitted or are so

clearly and conclusively proved as to admit of no reasonable doubt, it is the duty of the courts to declare the law applicable to them: *Costello v. Pa. R. R. Co.,* 359 Pa. 562, 60 A. 2d 28. Where but a single inference can be drawn from the admitted or established facts, it is for the court and not the jury to draw such inference: *Orcutt v. Erie Indemnity Co.,* 114 Pa. Superior Ct. 493, 174 A. 625. See also 6 Standard Pennsylvania Practice, Section 75, page 58.

In the case at bar, appellant made no move whatsoever to request a hearing on the charges against her, although the Association "was at all times ready and willing to give defendant an opportunity to be heard". Her membership was lawfully terminated in accordance with the Association's by-laws. Despite the lack of any tenable defense, *Vlachos v. Witherow,* 383 Pa. 174, 118 A. 2d 174, she nevertheless chose to resist the ejectment action wherein the Association sought to recover possession of her dwelling unit, for which the rental payments were grossly in arrears. We find no merit in the present appeal.

Judgment affirmed.