## Wenger *v.* Ziegler, Appellant.

Argued November 15, 1966.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

petition for clarification of opinion denied March 4, 1967.

*Philip S. Davis,* with him *Richard W. Davis,* and *Davis & Katz,* for appellant.

*L. Ehrman Meyer,* with him *Meyer, Brubaker & Whitman,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 4, 1967:

On March 12, 1965, appellee confessed judgment against appellant on a certain installment sales contract dated February 1, 1960. Ten days thereafter appellant filed a petition to open judgment, averring, inter alia, a previous action in trespass arising out of the same facts brought by appellant against appellee and the discontinuance of that action together with the delivery of a release from appellant to appellee in the amount of ten thousand dollars ($10,000). The Superior Court affirmed the order of the court below refusing the petition to open judgment. We granted allocatur.

This matter grows out of a contract whereby appellant agreed to purchase from appellee 11 dairy cows for $4,816 to be paid in agreed installments. When the unpaid balance had been reduced to $1,543, appellant learned that his dairy herd had been infected with Brucellosis as a result of contact with a Brucellosis reactor cow purchased from appellee. The spread of the disease forced appellant to dispose of most of his dairy herd as beef cattle at a substantial loss. Appellant instituted the aforementioned suit in trespass against appellee.

Appellee argues that having received and retained a monetary consideration in settlement of the trespass action and having executed a release discharging appellee "from all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature" for all tortious acts, appellant is precluded from pleading as a defense to a judgment by confession, the same tortious acts. We do not agree.

The right to assert a defense survives the releasor's execution of a release unless that instrument expressly purports to preclude the assertion of defenses. This

conclusion is inescapable when one considers the mischief that would occur if every time a tortfeasor were released from liability he could turn matters around and sue the releasor for personal injury or property damage which was caused through no fault of the releasor, who would be precluded from asserting any defenses he might have.

Furthermore, under the rule mandating strict construction of an instrument whereby a party surrenders rights to which he might otherwise be entitled, we reach a similar result. In *General Mills, Inc. v. Snavely,* 203 Pa. Superior Ct. 162, 199 A. 2d 540 (1964), the Superior Court held that a release ordinarily covers such matters as may be said fairly to have been within the contemplation of the parties when it was given and that the language of a release will be given its ordinary meaning unless a different meaning was clearly intended. An examination of the written release[1] reveals that

---

[1] "General Release

"Know All Men by These Presents, That I/We, Victor K. Ziegler individually, and as natural guardian of myself for the sole consideration of Ten Thousand and 00/100—($10,000.00) DOLLARS, lawful money of the United States, to me in hand paid by John K. Wenger, Bertha Wenger & Wenger's Farm Machinery Inc. and Harleysville Mutual Casualty Company, the receipt whereof is hereby acknowledged have remised, released and forever discharged, and by these presents do for myself, my heirs, executors, administrators and assigns, remise, release and forever discharge the said John K. Wenger, Bertha Wenger & Wenger's Farm Machinery Inc., and Harleysville Mutual Casualty Company, and their heirs, executors and administrators, its successors and assigns, of and from all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, for or because of any matter or thing done by the said John K. Wenger, Bertha Wenger, & Wenger's Farm Machinery Inc., and Harleysville Mutual Casualty Company, prior to and including the date hereof, and particularly on account of all injuries, both to person or property resulting or to result, from the acts complained of in the action of trespass filed to No. 841 December Term, 1961 in the Court of Common Pleas of Lebanon County, Pennsylvania.

the parties obviously contemplated only the surrender by appellant of his right to pursue a cause of action by complaint or counterclaim, and not of his right to defend an action brought by appellee against him. By so holding, we remain consistent with those cases which allow the maintenance of a suit for property damage following the settlement of a prior claim for personal injuries sustained in the same accident where the written release expressly precludes only a subsequent personal injury claim. *Erie Insurance Exchange v. Gouse,* 180 Pa. Superior Ct. 488, 119 A. 2d 672 (1956); *Marshall v. American Stores Company,* 87 Superior Ct. 498 (1926). It is inconceivable to us that a release otherwise silent may be construed so as to deprive only one party of rights arising from a given transaction. In the instant matter, the settlement of the trespass action was neither an admission by appellee of the truth of appellant's claim, nor a waiver by appellant of his right to assert those matters in defense of a subsequent claim brought by appellee against him.

One who petitions to open a confessed judgment must act promptly and aver a meritorious defense. 7 Standard Pennsylvania Practice 49. In the instant matter, appellant filed his petition ten days after judgment was confessed and averred several meritorious defenses, including the failure of consideration caused by the same tortious acts which gave genesis to the settled

---

"It is understood and agreed that this settlement is not to be construed as an admission of liability on the part of John K. Wenger, Bertha Wenger & Wenger's Farm Machinery, Inc., and Harleysville Mut. Cas. Co., and that this release contains the entire agreement between the parties hereto, and the terms of this release are contractual and not a mere recital.

"I/We further state that I/We have carefully read the foregoing release and know the contents thereof, and I/We sign the same as my/our own free act and deed.

"In Witness Whereof, I/We have hereunto set my hand and seal this 18th day of December A.D. 1964."

trespass claim. A petition to open judgment is addressed to the sound discretion of the court and is an appeal to the court's equitable powers. *Atlas Aluminum Corporation v. Methods Research Products Company*, 420 Pa. 407, 218 A. 2d 244 (1966). The action of the lower court will not be reversed unless a clear abuse of discretion appears or an error of law was committed. *Alliance Discount Corp. v. Shaw*, 195 Pa. Superior Ct. 601, 171 A. 2d 548 (1961). We believe that the trial court's holding that the release in question was an absolute bar to the raising of defenses by appellant constituted an error of law. Since appellee's answer to the petition to open judgment put at issue the existence of a meritorious defense, we will order that depositions be taken or a hearing held on that issue.

The orders of the Superior Court and of the court of common pleas are reversed, and the cause is remanded to the court of common pleas for proceedings consistent herewith.

Mr. Chief Justice BELL concurs in the result.