## Yanofsky v. Bannacker

*Arnold Machles*, for plaintiff.

*Charles J. Bogdanoff*, for defendant.

McDEVITT, J., April 14, 1969.—Defendant has filed a petition to open judgment. The petition contains facts not of record and it is verified by defendant's attorney. Plaintiffs have filed a preliminary objection to defendant's petition on the ground that "said pleading is not verified by the defendant as required by Pennsylvania Rules of Civil Procedure". Plaintiffs' brief on this matter concludes with a request that "defendant be required to file the proper affidavit".

Plaintiffs are indeed correct in their position that a "pleading" containing an averment of non-record facts must be verified by the party in whose behalf the pleading is filed, except in certain circumstances not here applicable. See Pa. R. C. P. 1024. However, a petition to open judgment is not a "pleading" within the definition of that term in Pa. R. C. P. 1017. The applicable rule is Pa. R. C. P. 206, which requires that a petition containing allegations of fact that do not appear of record be verified by affidavit. Rule 206 does not indicate by whom such affidavit is to be taken. In 2 Anderson Pa. Civ. Pract. §206.2, the question here raised is discussed and the conclusion is drawn that the petition must be verified in conformity with the Act of April 9, 1915, P. L. 72, 12 PS §514.[1] Shenango Valley Transportation Co. v. Stokes (No. 1), 87 D. & C. 486, is cited as authority for the conclusion. The text of 12 PS §514 reads: "A judge of any court of record shall not, in any matter . . . before him, receive or consider any petition . . . alleging any matter of fact, unless the petition . . . is duly verified as to such allegations". It is obvious from a reading of the Shenango case, supra, and its precedents, that the requirement that a *party* verify a petition is a judicial gloss derived from the provisions of the various practice acts that a party ordinarily must supply the affidavit of verification in a pleading. See, e. g., 12 PS §§391 and 411. Thus Anderson's conclusions, in §206.2, supra, that the courts are to be expected to read by construction into rule 206 the provisions of rule 1024 seems fully justified; the courts have done precisely the same thing in the past with regard to the analogous provisions of the Practice Act of 1915.

---

[1] The Procedural Rules Committee expresses the same conclusion in its comment accompanying rule 206.

We also agree with the further conclusion that is drawn in 2 Anderson Pa. Civ. Pract. §206.2, namely, that adverse parties may be permitted to attack a petition because of a defective verification by filing a preliminary objection and that the defect may be corrected by amendment of the petition or the filing of a separate affidavit.

We now reach the question of whether the present petition is actually defective by reason of the affidavit that accompanies it. A petition to open judgment is addressed to the equitable powers of the court; petitioner must act promptly and aver a meritorious defense: Wenger v. Ziegler, 424 Pa. 268 (1967). We have no doubt that the matters alleged in the first seven paragraphs of the petition are matters as much within the knowledge of defendant's attorney as they are within the knowledge of defendant himself. We would not sustain plaintiffs' objection with regard to these matters. They are equitable considerations which will undoubtedly have strong appeal to the court which ultimately decides the petition. Nevertheless, the averment of the facts alleged to constitute a complete defense to the action, in paragraph 8 of the petition, are a necessary part of the petition and are undoubtedly within the first hand knowledge of petitioner and not of his attorney. We will, therefore, require that petitioner himself take an affidavit to the truth of the matters contained in the petition unless sufficient reasons be submitted of record for petitioner's inability to do so.

ORDER

And now, April 14, 1969, plaintiffs' preliminary objection is sustained. Leave is granted to defendant to supply an affidavit personally made by defendant, or to file of record sufficient reasons for the inability to supply said affidavit, within 20 days of the date of this order. Upon condition that defendant supply said

affidavit or said reasons, defendant's rule to show cause is reinstated and is made returnable May 12, 1969, in Room 192, City Hall, Philadelphia, at 9:30 a.m., (EDT). All proceedings to stay meanwhile.