HIRSH, J.,
— This matter is before the court on petition of defendant, Lawrence N. Diamond, a/k/a Norman Diamond, to dissolve attachment and mark judgment discharged by bankruptcy. The facts as presented to this court indicate that a writ of fraudulent debtor’s attachment was filed by plaintiff, Commander Products Company (hereinafter called “Commander”) against petitioner and other defendants on September 28, 1959. In the said writ, plaintiff alleged that defendants owed a debt of approximately $8,300 to Interstate Floor Covering Corporation (hereinafter called “Interstate”). The writ further alleged that *796 Interstate assigned the debt for value to plaintiff on or about September 22, 1959. Both the complaint and writ of fraudulent debtor’s attachment were served upon defendant’s wife at premises 7670 Sherwood Road, Philadelphia, Pa. On November 5, 1959, no answer having been filed by defendant, judgment was entered by plaintiff against defendant for failure to respond to the complaint. On August 7, 1961, defendant filed a petition in bankruptcy in the United States District Court for the Eastern District of Pennsylvania, and on November 15, 1961, was discharged as a bankrupt. Defendant scheduled among his creditors the name of Interstate Floor Covering Corporation (Commonwealth Products Company). Defendant did not include in his schedule any obligation to plaintiff, Commander Products Company. Defendant alleges in his petition that he never received any notice of the assignment of the claim against him by Interstate to Commander and contends that he, therefore, was unable to list Commander as a creditor in his schedule of bankruptcy. Plaintiff responds that service of the complaint and writ of fraudulent debtor’s attachment upon defendant’s wife constitutes notice and that defendant’s excuse is, therefore, invalid. Defendant’s petition further alleges that he failed to file an answer to the complaint because he had no residence in Pennsylvania at the time of service of the complaint, because of a marital separation, and was out of the jurisdiction between the time of service and the time of entry of judgment. A careful examination of defendant’s testimony in his deposition fails to support this allegation, and we are not persuaded that defendant had any residence other than the Sherwood Road address where service was made by the sheriff.
In addition, defendant admits that approximately four months after the entry of the judgment, long *797 before he filed a voluntary petition in bankruptcy, he returned to the Sherwood Road address and reconciled with his wife and resided there thereafter.
It is horn book law that one who petitions for equitable relief of a confessed judgment must act promptly and aver a meritorious defense: Wenger v. Ziegler, 424 Pa. 268, at page 272 (1967).
Considering all the testimony presented by defendant in his deposition and all of the other surrounding circumstances as disclosed by the record in this matter, we are not convinced that petitioner has established his right to equitable relief.
Accordingly, it is therefore ordered that the petition of defendant, Lawrence N. Diamond, to dissolve the attachment in the above-captioned matter and mark the judgment discharged by bankruptcy, is denied.