## The First National Bank of Allentown v. Stoudt (et ux., Appellant).

Argued September 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Clayton T. Hyman, Sandor Engel,* and *Coleman and Hyman,* submitted a brief for appellant.

*Edwin K. Kline, Jr.,* with him *Kline & Kline,* for appellee.

OPINION BY HOFFMAN, J., December 1, 1975:

Appellant contends that the lower court abused its discretion in dismissing her petition to open confessed judgment.

H. E. Stoudt and Sons, Inc., (Corporation) was a Pennsylvania corporation that was engaged in the construction of industrial buildings. Robert P. Stoudt, appellant's deceased husband, was the owner of all the outstanding capital stock and the President of the Cor-

poration. Appellant was the Secretary of the Corporation. As of September 11, 1970, the Corporation was indebted to the appellee, The First National Bank of Allentown, in the amount of $455,000.00. As a condition of further extending credit, the appellee requested that the appellant and her husband execute a personal guaranty of all past and future obligations owed or to be owed appellee by the Corporation. The appellant's husband signed the guaranty, secured the appellant's signature and presented the guaranty to the appellee. Relying on this agreement, the appellee loaned an additional $170,000.00 to the Corporation. The financial condition of the Corporation deteriorated, and on August 27, 1971, pursuant to the guaranty agreement, the appellee confessed judgment for $555,394.71.

On October 21, 1971, the appellant and her husband requested appellee to release judgment on certain jointly held property so that the property could be sold. The appellee agreed to this release, and the net proceeds of the sale were used to reduce the amount of the judgment outstanding. Depositions of the appellant and her husband were taken on October 10, 1972, to further aid the appellee in the execution of the judgment. On October 10, 1973, the appellant and her husband again requested a release of judgment in order to clear title to certain jointly held property. On December 10, 1973, the appellant and her husband filed a petition to open the confessed judgment, which was dismissed on January 31, 1975. This appeal followed.

A petition to open a confessed judgment is an appeal to the equitable side of court. The judge sits as chancellor and has wide discretion in considering the conflicting evidence and in determining the conclusion to be reached therefrom. *Bucks County Bank and Trust Company v. DeGroot,* 226 Pa. Superior Ct. 419, 313 A. 2d 357 (1973) ; *Yellow Cab Company of Philadelphia v. Carpol Realty Co., Inc.,* 221 Pa. Superior Ct. 132, 289 A. 2d 241 (1972).

Nevertheless, the lower court may be reversed for an abuse of that discretion. *Wolgin v. Mickman*, 233 Pa. Superior Ct. 218, 335 A. 2d 824 (1975) ; *Ritchey v. Mars*, 227 Pa. Superior Ct. 33, 324 A. 2d 513 (1974). In order to open a confessed judgment, a party must act promptly and aver a meritorious defense. *Wenger v. Ziegler*, 424 Pa. 268, 226 A. 2d 653 (1967).; *Wolgin v. Mickman*, supra; *Cheltenham National Bank v. Snelling*, 230 Pa. Superior Ct. 498, 326 A. 2d 557 (1974). Because we find that the appellant has not acted promptly, we need not reach the question of whether the appellant has averred a meritorious defense.

There is no time limit on the exercise of the power of a court to open a confessed judgment. *Funds For Business Growth, Inc. v. Maraldo*, 443 Pa. 281, 278 A. 2d 922 (1971) ; *Salus v. Fogel*, 302 Pa. 268, 153 A. 547 (1931) ; *Windber Trust Company v. Evans*, 192 Pa. Superior Ct. 417, 161 A. 2d 664 (1960). The doctrine of laches may be applied to the opening of a judgment when the delay is unreasonably long and unexplained. *Funds For Business Growth, Inc. v. Maraldo*, supra; *Windber Trust Company v. Evans*, supra.

Appellant's contention regarding prompt filing, albeit confusing, may be summarized as follows. Appellant contends that she did not personally learn that a judgment was entered against her until February, 1974. Appellant's petition to open, however, was filed on December 10, 1973. This discrepancy can be reconciled only by examining the petition to open. Apparently, the petition to open was filed by the appellant's husband who averred that he was authorized to act on behalf of himself and the appellant.[1] Appellant's contention taken literally, there-

---

1. Appellant's husband's filing of the petition is symptomatic of how the family's business affairs were handled. Appellant's husband made the arrangements for all business transactions and requested appellant to sign all necessary documents. Appellant testified that she would sign what her husband asked her to sign.

fore, would mean that she was unaware that the petition to open was filed. Our task in opening a confessed judgment, however, is to determine whether the petition to open was promptly filed. We will assume, therefore, that the appellant contends that the petition to open was filed as soon as she had knowledge that a judgment was entered against her. This assertion, however, is not supported by the record.

First, the appellee sent notice of the entry of judgment by certified mail on September 10, 1971. The appellant remembered receiving the certified letter, but she did not open it. The appellant cannot assert lack of notice when she received notice, but chose not to read it. Second, the appellant and her husband jointly and voluntarily requested the appellee to release judgment on certain joint property on October 21, 1971. The net proceeds of this sale were used to reduce the amount of the judgment outstanding. Third, depositions of the appellant and her husband were taken on October 10, 1972, in aid of execution of the judgment. At this time, the appellant's husband was asked, in the appellant's presence, whether he and his wife had executed a guaranty and whether judgment was entered against them based on this guaranty. Appellant's husband responded that they had executed the guaranty and that judgment had been entered. Finally, on October 10, 1973, the appellant and her husband again jointly and voluntarily requested appellee to release judgment on certain jointly held property. Under these circumstances, appellant's contention that she was unaware that a judgment was entered against her is without merit. Because she had notice for over two years, and because she began to voluntarily pay the judgment, it cannot be said that the lower court abused its discretion in dismissing appellant's petition to open.

Order affirmed.