## Continental Bank v. Molinari

*Alan I. Aberman,* for petitioner.
*Dan S. Lossing,* for respondent.

GUARINO, *J.*, May 17, 1979—On July 21, 1978, the Continental Bank confessed two separate judgments against Rocco Molinari and Marie Molinari, his wife. The bases of the judgments are powers of attorney contained in two surety agreements allegedly executed by them, guaranteeing advances of moneys to be made by plaintiff to Brokers Financial Corporation and RJM Financial Management; both of these businesses were owned and operated by Rocco Molinari. A judgment in the sum of $16,661.51 was entered as a result of default in payment for advances made to Brokers Financial Corporation [C.P. July Term, 1978, No. 3737]. As a result of default in repayment of advances made to

RJM Financial Management, judgment was entered in the sum of $86,250 [C.P. July Term, 1978, No. 3406]. The amounts of the judgments include the principal sums due, interest and attorney's fees.

Marie Molinari (petitioner) has filed two petitions to open, one for each of the two judgments. The petition to open judgment entered as per no. 3737 ($16,661.51) was filed October 11, 1978, and as to judgment entered as per no. 3406 ($86,250), the petition was filed October 13, 1978. Plaintiff has made answer only as to the first petition. No answer has been made to the second. In each of the two petitions, petitioner has alleged that she had not signed the surety agreements, that her signatures are forgeries, and that she did not become aware of the forgeries until the present judgments were confessed against her. Pursuant to Pa.R.C.P. 209,[1] depositions have been taken. Her allegations are supported by the depositions. A qualified handwriting expert was deposed and testified that the signa-

1. "Rule 209. Duty of Petitioner to Proceed After Answer Filed.

"If, after the filing and service of the answer, the moving party does not within fifteen days: (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

tures on the surety agreements were not the signatures of Marie Molinari, petitioner.

A party seeking to open a confessed judgment must act promptly and aver a meritorious defense: Wenger v. Ziegler, 424 Pa. 268, 226 A. 2d 653 (1967); Continental Bank v. Triester and Mercer, 1 PICO 210 (C.P. Phila. 1977). The defense of forgery is a meritorious defense: See Funds for Business Growth, Inc. v. Maraldo, 443 Pa. 281, 278 A. 2d 922 (1971); Rochester First Nat. Bank v. Fry, 294 Pa. 425, 144 Atl. 416 (1928); see also Greater Finance Co. v. Harris, _____ Pa. _____, 398 A. 2d 977 (1979) (per curiam).

In the instant case, the allegation that petitioner did not sign the "surety agreement or any other instrument . . . confessing judgment"[2] is supported by the deposition of a qualified handwriting expert that the signatures to the instruments upon which judgments were confessed were not those of petitioner. Against this evidence there is the unsupported denial of respondent based on "best knowledge, information and belief."[3]

In a proceeding to open a confessed judgment the movant must produce only enough evidence in support of a defense as would warrant a court in submitting the issue to a jury: Pa.R.C.P. 2959(e); Exxon Corp. v. Wilson, _____ Pa. Superior Ct. _____, 394 A. 2d 1288 (1978). It is not the function of the hearing court to weigh the evidence but only to determine whether it is legally sufficient to submit to a jury: Kardos v. Morris, 470 Pa. 337, 368 A. 2d 657 (1977); Foerst v. Rotkis, 244 Pa. Superior Ct.

---

2. Paragraph 4 of each petition.

3. Paragraph 4 of answer to petition to open filed in no. 3737; no answer has been filed as to petition to open filed in no. 3406.

447, 368 A. 2d 805 (1976). Such evidence is sufficient if it will prevent a directed verdict against the petitioner: Greenwood v. Kadoich, 239 Pa. Superior Ct. 372, 357 A. 2d 604 (1976). The genuineness of a signature is properly a question of fact for the jury: Dworken v. McElwee, 355 Pa. 37, 48 A. 2d 566 (1946). A petitioner meets the required burden for opening a confessed judgment on the ground that the signature to the instrument upon which judgment was confessed is a forgery, where she submits depositions of a qualified handwriting expert that the signature on the instrument is a forgery, and when the judgment creditor produces no countervailing evidence. See Yank v. Eisenberg, 408 Pa. 36, 182 A. 2d 505 (1962). See also Funds for Business Growth v. Maraldo, supra.[4]

While a petition to open must be filed promptly, there is no set time in which it must be filed to be cognizable by the court. Whether it has been filed with reasonable promptness depends on the circumstances and is within the sound discretion of

---

4. There are several issues that inferentially suggested themselves at the oral argument on this case. Questioned is whether the husband defendant was acting for himself and his wife at the time of the agreement. Marital relationship per se does not make one spouse agent of the other. See Ritchey v. Mars, 227 Pa. Superior Ct. 33, 324 A. 2d 513 (1974); Schweitzer v. Evans, 360 Pa. 552, 63 A. 2d 39 (1949). The authority of an agent is a factual one to be resolved by a jury not by the judge hearing the petition to open a judgment: Wolgin v. Mickman, 233 Pa. Superior Ct. 218, 335 A. 2d 824 (1975). The same is true as to whether wife ratified the guarantee agreement. There is no allegation of ratification at this stage of the proceeding. If respondent is to rely upon ratification, he must allege and prove it at trial. A party ratifies a contract when, knowing all its terms, he does some act which manifests an acceptance of its terms: McRoberts v. Phelps, 391 Pa. 591, 138 A. 2d 439 (1958).

172

the court: Wenger v. Ziegler, supra; Paidas v. Natsis & Tsaketas, 2 PICO 295 (C.P. Phila. 1978). Laches is a defense only when the delay is unreasonably long and unexplained: Funds for Business Growth, Inc. v. Maraldo, supra; First Nat. Bank of Allentown v. Stoudt, 237 Pa. Superior Ct. 238, 352 A. 2d 162 (1975).

In this case at bar, the petition was filed with reasonable promptness, less than three months after the entry of judgment, and after all attempts to settle the matter were endeavored by petitioner's counsel. See James v. Silverstein, 224 Pa. Superior Ct. 489, 306 A. 2d 910 (1973) (four months delay); Stush v. Ciliberto, 71 D. & C. 2d 175 (1975) (six months delay); Dimitri v. Lee, 2 PICO 145 (C.P. Phila. 1977) (three months delay).

## ORDER

Accordingly, it is ordered and decreed that the petitions to open judgment entered as of July Term, 1978, no. 3737, and July Term, 1978, no. 3406 are granted and the said judgments are hereby opened as to petitioner, Marie Molinari.