## Hennemuth v. Drann

*Joseph L. Mullaney,* for plaintiffs.

*Michael Basista* and *Nicholas D. Tellie,* for defendants.

COTTONE, *J.,* April 14, 1980—This case comes before the court by way of defendants' motion to strike and/or open judgment and to set aside and/or stay execution.

Prior to July 21, 1977 plaintiffs and defendants, George Drann and James Beahan, engaged in preliminary negotiations regarding the sale of plaintiffs' interest in the Gravity Land Company to defendants. On July 21, 1977 a written agreement was entered into by the parties wherein defendants, George Drann, James J. Beahan and Ann L. Beahan, would pay $60,000 for plaintiffs' 66 percent interest in the aforementioned company. The agreement provided that $10,000 would be paid in cash at the time of the closing, with the balance of $50,000 payable within 18 months. Pursuant to paragraph three of the agreement, a judgment note payable to plaintiffs in the amount of $50,000 was allegedly executed by defendants and the Gravity Land Company, Inc. on August 3, 1977. Judgment was confessed on said note on October 14, 1977

against the Gravity Land Company, Inc. and three defendants, George Drann, James J. Beahan and Ann L. Beahan, as makers of the note.

During the following 18 month period, defendants failed to tender any additional payments on the contract. In due course, a levy was made upon various properties of the three defendants. Defendants have now filed this motion to strike and/or open the judgment and to stay and/or set aside the execution issued thereon.

Defendants base their motion on the following defenses: (1) defendants' obligations under the note upon which judgment was entered against them were fulfilled by the terms of paragraph eight of the sale agreement dated July 21, 1977; (2) Ann L. Beahan's signatures on the sale agreement and judgment note are allegedly forgeries; and, (3) the judgment note allegedly was not signed by defendant, George Drann.

Pennsylvania courts recognize the existence of several circumstances wherein a person against whom a judgment is entered may obtain relief from the judgment: 7 Standard Pa. Pract., Opening Judgments §32. The character of relief obtainable depends on the nature of the ground which is asserted as a basis for relief: Id.

Generally, a judgment may be stricken off only where the ground for relief is an irregularity appearing on the face of the record. Where the judgment is regularly entered and the ground for relief concerns other matters associated with the judgment or those upon which the judgment is based, the remedy is by petition to open judgment. Estate of McCauley, 478 Pa. 83, 385 A. 2d 1324 (1978); see Nixon v. Nixon, 329 Pa. 256, 198 Atl. 154 (1938).

In the case at bar, the attack on the judgment is

based on evidence relating to the cause of action. It is alleged that paragraph eight of the sale agreement[1] of July 21, 1977 is controlling in the event of a default by the buyers (defendants herein).

Since we are dealing with the merits of the controversy, rather than an irregularity appearing on the face of the record, the first issue is whether, based on defendants' allegations that paragraph eight controls, the judgment by confession should be opened.

In determining whether a judgment should be opened, this court must ascertain whether there are present any equitable considerations in the factual position of the case which require the granting of defendant an opportunity to have his day in court and to have the cause decided upon the merits: Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971). A petition to open a judgment is a matter of judicial discretion and is an appeal to the equitable powers of the court.

In order to grant the motion to open, the following three requirements must be satisfied: (1) the petition must be promptly filed, First National Bank of

---

1. Paragraph eight of the sales agreement provides the following: "In the event the Buyers fail to comply with the terms or conditions of this Agreement, or default in the payments provided for hereunder, then all sums theretofore paid by the Buyers on account of the purchase price may be retained by the Sellers either on account of said purchase price or as liquidated damages for such breach as the Sellers may elect, and in addition the stock pledged as collateral for the Judgment Note provided hereinabove, together with all incidents and rights thereof, including voting rights, shall immediately revert to and become the property of the Sellers, and further the Sellers shall thereupon be released from all liability or obligation hereunder and this Agreement shall become null and void." (Emphasis supplied.)

Allentown v. Stoudt, 237 Pa. Superior Ct. 238, 352 A. 2d 162 (1975); (2) a valid ground or defense for an attack upon the judgment must exist, Wolgin v. Mickman, 233 Pa. Superior Ct. 218, 335 A. 2d 824 (1975); and, (3) a meritorious defense can be shown: Wenger v. Ziegler, 424 Pa. 268, 226 A. 2d 653 (1967).

Applying the first of the three requirements to the case at bar, we find that defendants have satisfied this prerequisite. The note in question was filed of record on October 14, 1977. In May of 1979, the Sheriff of Lackawanna County attached a notice of a levy on the personal property of the Beahans on their door. Defendant, Ann L. Beahan, alleges that, prior to this action, she was unaware of the existence of the judgment note. Mrs. Beahan states in her deposition, and there is corroborating testimony, that she was never present at any of the negotiations regarding this transaction, and she never received actual notice of the judgment. Furthermore, she alleges that she never signed any of the documents in question, nor did she give her husband, James Beahan, her consent to do so. In fact, James Beahan has denied signing her name to the documents. There is no evidence in the record as to who signed the name Ann L. Beahan.

In light of the aforementioned circumstances, we do not feel that a delay of 18 months is unreasonable in filing a petition to open judgment.

Turning to the second requirement, we feel that defendants have sufficiently shown the existence of a valid defense for an attack upon the judgment. Defendants allege that, in the event of a default in the payments, paragraph eight[2] of the sale agreement controls.

2. See footnote 1, supra.

It is this court's opinion that defendants' allegations, supported by the executed sale agreement, are valid grounds for an attack upon the judgment note. Moreover, for these same reasons, we feel that defendants have shown the existence of equitable considerations which are also necessary for the opening of a judgment. See 7 Standard Pa. Pract., Opening Judgments §45.

In the case at bar, defendants have averred that, in the event of a default in the payments, paragraph eight of the sale agreement, which states that the agreement in question becomes null and void, controls. It is our opinion that this allegation is a valid defense, one which warrants application of equitable principles by this court.

Finally, we feel that defendants have satisfied the third requirement necessary for the opening of a judgment in that a meritorious defense has been set forth in the case at bar.

The purpose of opening judgment by confession is to permit the judgment debtor to assert any and all defenses he might have advanced had he not been precluded therefrom by the entry of such judgment: Universal Mortgage Service Co. v. Hegarty, 69 D. & C. 2d 199 (1974). Thus, a party seeking to open a confessed judgment is required to show that he had a good defense to the claim upon which the judgment was founded: Id.

It has been held that a defense alleging that the terms of the instrument under which the judgment is entered are limited by a contemporaneous written agreement between the parties preventing the judgment is a meritorious defense: Owen v. Gebhardt, 11 Northamp. 73 (1907).

In Cloud v. Markle, 186 Pa. 614, 617, 40 Atl. 811, 812 (1898), the court held that; "While a judgment should not be opened, as a general rule, upon de-

fendant's oath alone where he is contradicted by the testimony of the plaintiff, yet where there are corroborative circumstances, or circumstances from which inferences may be drawn corroborating the defendant, it is proper to open a judgment and refer the question to a jury." See, also, Deviney v. Lynch, 372 Pa. 570, 94 A. 2d 578 (1953). In the case at bar defendants allege that, in the event of a default of payments by them, the terms of paragraph eight of the sale agreement apply. Although this allegation is denied by plaintiffs, there are circumstances from which inferences may be drawn from the agreement of July 21 corroborating defendants' averments. Consequently, we feel that defendants have met the final requirement of a meritorious defense.

We are of the opinion that, by asserting the existence of paragraph eight of the executed sale agreement, defendants have satisfied all three requirements necessary for the opening of a judgment by confession. Since defendants' petitions based on this issue will be granted, we do not feel that an examination of the other two defenses advanced by defendants is necessary at this time.

## ORDER

Now, April 14, 1980, defendants' petitions to open judgment are hereby granted. The judgment filed on October 14, 1977, is hereby opened and the execution issued thereon is set aside.