419 A.2d 695

**Marlene K. BECKER**

v.

**Nancy SCHOETTLE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed April 18, 1980.

Robert P. Weiner, Philadelphia, for appellant.

Howard Wallner, Philadelphia, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

Presently before the court is appellant's appeal from the lower court's order dated July 28, 1978, sustaining appellee's preliminary objections to appellant's petition to open judgment and discharging the court's previously issued role.

We are of the opinion that the lower court abused its discretion in granting appellee's preliminary objections in the nature of a demurrer to appellant's petition to open judgment and thereafter discharging said previously issued rule; therefore, we reverse.

First, it must be noted that the procedure employed by the appellee in contesting appellant's petition to open judgment and thereafter adopted by the lower court was highly irregular.

For purposes of this opinion, however, we shall consider the substance of appellee's preliminary objections as an answer and appellant's answer and new matter to appellee's preliminary objections as a reply thereto.

A review of the procedural history of this case is appropriate at this time. The judgment was entered April 21, 1978. On May 18, 1978, appellant filed a petition to open judgment, and on May 25, 1978, the lower court granted a rule upon the appellee to show cause why the confessed judgment should not be opened and appellant let into a defense. On June 5, 1978, appellee filed preliminary objections to appellant's petition to open. Ten days later, the lower court opened the judgment and let the appellant into a defense; which order the lower court later vacated on June 30, 1978, stating that the June 15, 1978 order was entered in the erroneous belief that appellant's petition to open was uncontested and also so that appellee's preliminary objections to said petition could be considered. On July 11, 1978, appellant filed an answer and new matter[1] to appellee's preliminary objections, and thereafter, appellee did not file a reply to same. Notwithstanding the above, on July 28, 1978, the lower court entered an order sustaining appellee's preliminary objections in the nature of demurrer and thus discharged its previously issued rule to show cause. It is from this order that the instant appeal has been taken.

1. "NEW MATTER. 5. By way of further response to the Preliminary Objections of the plaintiff, defendant contends that her Petition to Open Judgment must be responded to by way of answer to the Petition. Civil Rules 206, 207, 208 and 209 set forth the procedure to be followed when petitions are presented to the Court. Clearly,

■ We reiterate as we have done on numerous occasions, our scope of review on appeals from the lower court's grant or denial of a petition to open judgment, is very narrow. A petition to open judgment is first an appeal to the equitable and discretionary powers of the lower court and as such, the exercise of the lower court's discretion in either opening or refusing to open a judgment taken by confession, will not be disturbed on appeal unless the lower court has committed a manifest abuse of discretion or an error of law. *M. H. Davis Estate Oil v. Sure Way Oil*, 266 Pa.Super. 64, 403 A.2d 95 (1979); *Fidelity Bank v. Act of America, Inc.*, 258 Pa.Super. 261, 392 A.2d 784 (1978); *Christie v. Open Pantry Marts*, 237 Pa.Super. 243, 352 A.2d 165 (1975).

In the instant case, we are of the opinion that the lower court did, in fact, commit such a manifest abuse of discretion and error of law so as to warrant its reversal.

It is well settled that "(*o*)ne who petitions to open a confessed judgment must act promptly and aver a meritorious defense", *Wenger v. Ziegler*, 424 Pa. 268, 272, 226 A.2d 653, 655 (1967). There is no question that the appellant in this matter acted promptly, thus the sole issue is whether the appellant set forth a meritorious defense.

The standard to be applied by a court in determining whether a moving party has properly averred a meritorious defense so as to require that a confessed judgment be opened and the moving party let into a defense is succinctly set forth at Pa.R.C.P. 2959(e), effective December 1, 1973, which provides in relevant part:

" . . . If evidence is produced which in a jury trial would require the issues to be submitted to a jury the court *shall* open the judgment." (Emphasis added).

■ In testing the sufficiency of the evidence, the facts as alleged must be viewed by the court in the exercise of its discretion in the light most favorable to the moving party

preliminary objections in such instances are not provided for and, thus, should be stricken in this instance.

WHEREFORE, defendant prays your Honorable Court to deny the Preliminary Objections of the plaintiff and order the plaintiff to answer the Petition To Open Judgment forthwith."

and further, the lower court must accept as true all evidence and reasonable and proper inferences flowing therefrom. *Greenwood v. Kadoich*, 239 Pa.Super. 372, 357 A.2d 604 (1976); *M. H. Davis Estate Oil v. Sure Way Oil*, supra. As Judge Van der Voort of our court in *M. H. Davis Estate Oil v. Sure Way Oil*, supra, declared:

" . . . the test in evaluating the petitioners' evidence is not whether the evidence will probably win a verdict from the jury, but only whether there is sufficient evidence to allow the disputed issue to go to the jury."

In her petition to open confessed judgment, appellant Schoettle has alleged that appellee is the assignee of a demand note; that appellee is not a holder in due course and is subject to all personal defenses which the appellant may have with regard to said note emanating from a personal triangular relationship between appellant, appellee and Vaughan W. Pratt. Appellant alleges that she has known Mr. Pratt, the payee on the confessed note, since 1973; that in April, 1976, appellant purchased a Corvette automobile and that in December of 1976, in anticipation of appellant and Mr. Pratt living together, appellant transferred to him title to the Corvette automobile for the balance then due on the automobile loan in an amount of $5,800.00. Appellant and Mr. Pratt lived together from January, 1977, until April, 1977, with the understanding that all expenses would be shared equally. Despite said understanding, appellant alleges that she incurred all joint expenses in conjunction with living together in the aggregate amount of approximately $10,000.00. Despite promises to marry, Mr. Pratt left the common abode in May of 1977. Appellant and Mr. Pratt renewed their relationship in May and June of 1977 and, in furtherance of the renewal of said relationship, appellant bought back the Corvette automobile from Mr. Pratt for the sum of $6,490.00 and gave to Mr. Pratt the Note which is the gravamen of the instant litigation. Appellant alleges that it was the intention of the parties at that time that the Corvette be sold and the proceeds of said sale enure to the benefit of both parties. Subsequently, however, Mr. Pratt told appellant that he was not going to marry her. How-

134

ever, appellant alleges that Pratt told her that in view of the fact that she had incurred approximately $10,000.00 in expenses in conjunction with their living together, the note was cancelled; that no payment need be made on the note, and that appellant could retain the proceeds of the sale of the Corvette in satisfaction of the moneys he owed to her. As stated above, appellant alleges that appellee Marlene K. Becker, the assignee of the note from Pratt, is aware of all of the foregoing; that she is not a holder in due course, and she is subject to all of the real and personal defenses which appellant would have if said note were still held by Pratt.

The test in evaluating the (appellant's) evidence is not whether the evidence will probably win a verdict from a jury, but only whether there is sufficient evidence to allow the disputed issue to go to the jury. *Wolgin v. Mickman*, 233 Pa.Super. 218, 335 A.2d 824 (1975).

We are of the opinion that appellant has satisfied the requirements of Pa.R.C.P. 2959(e) as set forth above.

Accordingly, we direct that the judgment taken by confession be opened and appellant let into a defense.

Order reversed.