## Com. ex rel. County of Cumberland v. Johnson

*John H. Broujos,* for respondent.
*Joshua D. Lock,* for petitioner.

SHUGHART, *P.J.,* April 6, 1981—Petitioner, Theodore Russ, is a licensed bail bondsman. On February 14, 1980, he posted $1,000 bail for Dale Johnson who had been arrested and charged with simple assault. Johnson failed to appear for trial on May 16, 1980, and on July 15, 1980, an order was entered forfeiting the $1,000 recognizance. Peti-

tioner was duly notified of the forfeiture and upon failure to remit the bail due and owing, judgment by confession was entered against the petitioner and Johnson on October 6, 1980. On November 3, 1980, a petition to open the confessed judgment was filed. The pleadings are now closed, depositions have been filed, and the matter has been briefed and argued.

A petition to open judgment is an appeal to the court's equitable and discretionary powers: Wenger v. Ziegler, 424 Pa. 268, 226 A. 2d 653 (1967); Reinecker v. Ferguson, 25 Cumberland 58 (1974). "One who petitions to open a confessed judgment must act promptly and aver a meritorious defense." Wenger v. Ziegler, supra, at 272, 226 A. 2d at 655. In the case at bar, there can be no question that the petitioner acted promptly since his petition to open judgment was filed within a month of the entry of judgment. Accordingly, the only question for resolution is whether petitioner has raised a meritorious defense.

In determining whether a moving party has raised a meritorious defense, the facts as alleged must be viewed in the light most favorable to the moving party: Becker v. Schoettle, 277 Pa. Superior Ct. 129, 419 A. 2d 695 (1980). The facts in the case at bar, stated in the light most favorable to petitioner, are as follows.

After posting bond for Johnson on February 14, 1980, petitioner and Johnson were notified by letter dated March 17, 1980, that Johnson was to appear for formal arraignment on March 25, 1980. When Johnson failed to appear as scheduled, an order was entered revoking his bail and forfeiting the $1,000 bond. Petitioner was notified of the forfeiture by letter dated March 25, 1980, and was further

notified that the bail was due forthwith. Upon receiving the notice of forfeiture, petitioner allegedly made some effort to locate Johnson; however, he was unsuccessful. Several days later petitioner was apparently informed by an unidentified Mechanicsburg policeman that Johnson was incarcerated at the Cumberland County Jail. There is no evidence that petitioner did anything further regarding the forfeiture after receiving the information from the policeman.

On April 8, 1980, Johnson was brought before the court and, when it became apparent that his failure to appear for arraignment was because the arraignment notice was sent to an incorrect address, an order was entered vacating the March 25, 1980 order which had forfeited Johnson's recognizance. A new arraignment date was scheduled for April 15, 1980, and Johnson was released. Petitioner was not notified that the March 25 forfeiture order was vacated.

Johnson appeared for arraignment on April 15, 1980, but when his case was called for trial on May 16, 1980, Johnson did not appear. A bench warrant was issued on May 16, 1980, for Johnson's apprehension. On July 15, 1980, an order was entered amending the May 16, 1980 order to include a forfeiture of Johnson's recognizance. By letter dated July 16, 1980, the petitioner was given notice of this forfeiture and was instructed to immediately forward $1,000 bail to the Cumberland County Clerk of Courts. No action was taken by petitioner on the forfeiture and, as a result, the confessed judgment presently in question was entered on October 6, 1980.

The defense raised on the basis of the aforementioned facts is that if petitioner had known of the

March 25, 1980 revocation and forfeiture and the subsequent vacation on April 8, 1980, petitioner would have sought release from his bail obligation (Petition paragraphs 5 and 6). Upon this basis, petitioner asserts that justice does not require enforcement of the present forfeiture (Petition paragraphs 10 and 11). With respect to the averment that petitioner was not notified of the March 25, 1980 revocation and forfeiture, the record clearly indicates otherwise. The record contains a letter which was sent to petitioner indicating that Johnson failed to appear on March 25, 1980. In addition, petitioner admitted during his deposition that he received this letter and that he understood that Johnson had not appeared for arraignment (Deposition of Theodore P. Russ at page 10). Accordingly, petitioner cannot be heard to argue that he was not notified of Johnson's failure to appear for arraignment.

The record does support petitioner's averment that he was not notified that the March 25, 1980 forfeiture was vacated and that his bail obligation was reinstated. The question thus posed is whether the failure to notify petitioner that the bail obligation was reinstated raises a meritorious defense requiring the judgment to be opened. To state the question almost provides the answer. The only notice requirement is that found in Pa.R.Crim.P. 4016A.(1)(b), which states that the surety must be given *notice of the forfeiture.* This notice petitioner received. As a general proposition, we do not believe that there is any duty to notify a surety that a previously forfeited bond has been reinstated. In fact, it is only since Pa.R.Crim.P. 4016 became effective on September 23, 1973, that there is even a duty to notify a bondsman of a forfeiture: "[T]here is

no law providing that the sureties be notified of the requirement of their defendants to *appear* on stated dates, nor of the default of such defendants in *appearing*." Com. v. Bahn, 74 D. & C. 2d 122, 128, 89 York 1, 3 (1975) (emphasis in original). If a surety need not be notified of appearance dates or a default in appearance, certainly, there can be no duty to notify a surety that a previous forfeiture order has been vacated.

Despite the fact that there is no duty to notify a surety that his forfeited bond has been reinstated, petitioner urges that the present forfeiture should not be enforced because had he known that bail was reinstated, he would have petitioned the court for a bail piece to extricate himself from his obligation. It is contended that the grounds for a bail piece and extrication would have been Johnson's failure to appear for arraignment on March 25, 1980. This argument cannot be accepted. The reason Johnson failed to appear for arraignment was because he did not receive notice of his arraignment date. Recognizing that Johnson could not be expected to appear for arraignment when he did not receive notice of the arraignment date, the court vacated the previous forfeiture order. Since Johnson's failure to appear was perfectly innocent, it could not serve as a basis to extricate petitioner from his bail obligation.

When a bondsman enters into a surety agreement, he does so with the understanding that his obligation extends until full and final disposition of the case: Pa.R.Crim.P. 4011. In the case at bar, when the forfeiture order was vacated, the parties were returned to the status quo and the obligation which petitioner undertook merely continued. Petitioner's risk was in no way increased by the innocent nonappearance of his principal and petitioner

was not harmed by not being notified that bail was reinstated. In fact, had petitioner taken any steps to satisfy his obligation upon being notified of the March 25, 1980 forfeiture, he would have been advised that bail was reinstated. Having done nothing to fulfill his obligation on the March 25, 1980 forfeiture, petitioner now attempts to seize upon a fortuitous set of circumstances to avoid his liability on the present forfeiture. His present position is no worse than it would have been if the original forfeiture had not been vacated. We have been unable to find any authority for the proposition that a bondsman must be given notice that previously forfeited bail has been reinstated and under the circumstances of this case we do not choose to create such a duty. Accordingly, petitioner has failed to raise a meritorious defense and the confessed judgment will not be opened.

## ORDER

And now, April 6, 1981, for the reasons appearing in the opinion filed this date, the petition of Theodore P. Russ to open judgment is hereby dismissed.