Donald J. Kennedy, Appellant *v.* Electric Heights Housing Association, a nonprofit corporation, Appellee.

Argued May 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Eugene A. Lincoln*, for appellant.

*J. Craig Kuhn, Kuhn, Engle & Stein*, for appellee.

OPINION BY JUDGE BLATT, August 19, 1981:

The appellant, Donald J. Kennedy, seeks review of a decision of the Court of Common Pleas of Allegheny County which upheld a determination made by the

appellee, Association,[1] terminating the appellant's membership in the Association.

The Association is a nonprofit housing cooperative, and the appellant entered into a contract with it in 1964 for the mutual ownership of a dwelling unit. In compliance with this agreement, the appellant paid a monthly mortgage fee and became a member of the Association, subject to the terms and conditions laid out in the Association bylaws, regulations and occupancy rules.

By an Association letter dated January 10, 1980, the appellant was advised that certain complaints had been brought by other members of the Association as to his conduct and that the Association's Board of Directors (Board) would consider those complaints at its next meeting. The Board then decided by a vote of four to three to terminate the appellant's contract with and membership in the Association as of January 18, 1980, and he was so informed. Under the Association bylaws, the appellant then had a right to a hearing before the Board, but he instead exercised his right to appeal the Board's decision to the entire membership of the Association. A special meeting was scheduled for February 13, 1980, and during a recess of that meeting, the Board met in caucus and reaffirmed its prior vote, this time by a margin of five to three. The membership meeting was then resumed at which time evidence was presented regarding the appellant's conduct, and he was allowed to produce his own evidence and to cross-examine the persons who had filed the complaint. The membership then voted 30 to 23 in favor of expelling the appellant from the Association.

An action in ejectment including a confession of judgment thereon was filed with the lower court and a

---

[1] Electric Heights Housing Association.

hearing was held to determine whether or not the judgment in the ejectment action should be stricken or opened. Pa. R.C.P. No. 2959. The court below upheld the ejectment and, after reconsideration and affirmance by the common pleas court sitting en banc, this appeal was filed.

Section 7767 of the Corporation Not-for-Profit Code (Code), 15 Pa. C. S. §7767, provides that a member of a nonprofit corporation such as the Association may be expelled only after notice, trial and conviction, the form of which is to be established in the bylaws adopted by the members. Section Ten of the Association's bylaws requires "due warning" and an affirmative vote of five members of the Board in order to terminate a person's membership, which decision is then appealable to the entire membership.

The appellant asserts here that the termination of his contract by the Association was procedurally defective, contrary to the Association's bylaws and unsupported by the evidence. He argues first that he was not given proper notice as required by Section 7767 of the Code because the January 10 letter did not inform him as to the specific charges against him and the time and place of the Board's next meeting. The letter in question, however, stated specifically that the appellant was accused of becoming intoxicated, starting fires in his dwelling and thereby endangering other residents in his complex. Such a statement clearly informed him as to the complaints against him. Although the appellant was not specifically told of the time and place of the Board's meeting, Section Ten of the Association's bylaws provides that upon request he was entitled to a hearing before the Board, but he waived that right and directly appealed to the membership. We believe that the appellant was afforded adequate due process and that the requirements of

Section 7767 of the Code were satisfied when he was permitted to and did participate in what amounted to a de novo hearing before the membership of the Association in regard to his threatened expulsion. *See Raynovic v. Vrlinic,* 334 Pa. 529, 6 A.2d 288 (1939); *Anthony Wayne Terrace Housing Association v. Bedio,* 186 Pa. Superior Ct. 335, 142 A.2d 482 (1958).

It is next argued that the termination of the Appellant's membership should be set aside because the Association did not follow its own bylaws in that (1) no due warning was given to the appellant, (2) the Board's decision here was made on a vote of four to three and (3) the 30 to 23 vote of the membership did not meet the requirement of a two-thirds majority for expulsion of a member as specified in Robert's Rules of Order (rev. 1970) p. 46, 553-54. Our review of the record, however, reveals unrefuted testimony that the appellant received numerous warnings regarding the conduct which was concerned here.[2] Moreover, although we must agree with the court below that the original four to three vote of the Board would have been ineffective to achieve a termination of the appellant's membership, we must also agree that his appeal of that decision provided the Board with an opportunity to correct its previous error. The approval of expulsion by five members of the Board prior to the taking of any action by the membership in its entirety

---

[2] The president of the Association testified as follows:

A. Well, if you would wish to examine his file, I am sure Mr. Kennedy has been notified time and time again of his misconduct. And this, as I said before, we don't take verbal complaints. But we have had complaints which we have sent to Mr. Kennedy before, and as I said, he appeared before the membership once before because of his conduct. And this is the second time, so we did not take it over the period of years. And the Board would not act on it, but when we got it, the written complaint, we had no alternative but to act on the written complaint.

was sufficient to remove any taint which may have attached as a result of the original vote. Furthermore, we do not believe that the proceedings conducted here were prejudicially unfair to the appellant inasmuch as he was given a full opportunity to present all of his evidence and to cross-examine the witnesses before the entire membership which had the ultimate responsibility for making the final decision. *Compare Pennypack Woods Home Ownership Association v. Dahlberg*, 47 Pa. Commonwealth Ct. 380, 408 A.2d 201 (1979) (where this Court reversed the expulsion of a member of a housing association because he was given no notice or opportunity to present a defense). As to the provision of Robert's Rules of Order requiring a two-thirds majority vote in order to expel a member, we do not believe that this is necessarily binding upon the Association. Section 7757 of the Code, 15 P.S. §7757, provides that corporate acts may be undertaken pursuant to a majority vote of the members, unless the bylaws prescribe a greater percentage of votes for approval of such actions, and although the Association's procedures may have been generally governed by Robert's Rules of Order, there has been no demonstration here that the *bylaws* require a two-thirds majority for the expulsion of a member. We must therefore hold that, under Section 7757 of the Code, a simple majority of the members voting was sufficient to terminate the appellant's membership. *See Commonwealth v. Chace*, 403 Pa. 117, 168 A.2d 569 (1961).

The appellant further contends that his expulsion from the Association was unreasonable and unsupported by the evidence because there was no testimony that he had ever been intoxicated or that anyone had seen a fire in his apartment. Again, however, our review of the record reveals that testimony was presented to the membership as to the appellant's drinking habits, that more than once the police and fire de-

partments had been summoned to the appellant's dwelling after smoke had been detected, and that on one such occasion one of the residents had seen him "unconscious" on his couch. We must conclude as did the court below, that such evidence was sufficient to support the membership's conclusion that the appellant's conduct endangered himself and other members of the Association and that an expulsion was therefore necessary.

Finally it is argued that the court below erred by not allowing the appellant to take discovery prior to the hearing in this matter. We do not believe, however, that the court below committed any prejudicial error in refusing to permit a continuance for discovery purposes. In a petition to strike off or open a judgment, the court is to determine whether or not such an issue of facts exists which would require a submission of the matter to a jury, Pa. R.C.P. No. 2959, and such a determination will not be disturbed unless the lower court has committed a manifest abuse of discretion or an error of law. *Becker v. Schoettle,* 277 Pa. Superior Ct. 129, 419 A.2d 695 (1980). The only factual question here was whether or not the appellant was a threat to himself and the other residents. Although he was not permitted to obtain a copy of the complaint against him filed with the Association by three of its members, he had a full opportunity to cross-examine those complaining witnesses in the membership meeting and to subpoena them to testify before the court below, and he also had full access to the reports of the fire department concerning the incidents in question. He has not demonstrated that he was in any way prejudiced by the denial of discovery and we cannot say, therefore, that the court below abused its discretion.

We will therefore affirm the order of the lower court.

## ORDER

AND Now, this 19th day of August, 1981, the order of the Court of Common Pleas in the above-captioned matter is affirmed and

It is Further Ordered that the appellant is directed to reimburse the appellee the sum of $292.21 for the cost of reproduction of the supplemental record under Pa. R.A.P. 2155 and 2156.